125 T.C. No. 10

UNITED STATES TAX COURT

ESTATE OF ROBERT J. CAPEHART, DECEASED, INGRID CAPEHART, PERSONAL
REPRESENTATIVE, AND INGRID CAPEHART, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9943-97.                    Filed November 14, 2005.

        H & W filed a joint Federal income tax return for
1994. R disallowed losses attributable equally to H &
W. As a result of the disallowance of the losses, R
also disallowed a deduction for medical/dental expenses
claimed on the return. The parties agree that W is
entitled to relief from liability pursuant to sec.
6015(c), I.R.C. Consequently, W's liability cannot
exceed the portion of the deficiency properly allocable
to her under sec. 6015(d), I.R.C. The parties disagree
as to the amounts of the deficiency and the sec.
6662(a), I.R.C., accuracy-related penalty for 1994 that
are to be allocated to W under sec. 6015(d), I.R.C.

        1. Held: The disallowed medical/dental expenses
are erroneous items that gave rise to a portion of the
deficiency and must be allocated between H & W in
determining the portion of the deficiency properly
allocable to W under sec. 6015(d), I.R.C.

2.  <u>Held</u>, <u>further</u>, sec. 6015(d), I.R.C., does not limit the portion of the deficiency properly allocable to W to the amount of tax W would have owed had she filed a separate return.

3.  <u>Held</u>, <u>further</u>, sec. 6015(d), I.R.C., does not limit the portion of the deficiency properly allocable to W to W's proportionate share of the taxable income properly reported on the joint return.

4.  <u>Held</u>, <u>further</u>, the erroneous items attributable to W are allocable to W under sec. 6015(d), I.R.C., to the extent of W's taxable income properly included on the joint return.

5.  <u>Held</u>, <u>further</u>, the alternative allocation method set forth in sec. 1.6015-3(d)(6)(i), Income Tax Regs., does not apply because erroneous deductions are not "erroneous items that are subject to tax at different rates".

6.  <u>Held</u>, <u>further</u>, computation of the portions of the deficiency and the sec. 6662(a), I.R.C., accuracy-related penalty allocable to W for 1994 under sec. 6015(d), I.R.C., determined.

<u>Terri A. Merriam</u>, <u>Wendy S. Pearson</u>, and <u>Jennifer A. Gellner</u>, for petitioners.

<u>Nhi T. Luu-Sanders</u>, for respondent.

OPINION

JACOBS, Judge: Respondent determined the following deficiency in petitioners' Federal income tax and accuracy-related penalties for 1994:[1]

|  | Accuracy-Related Penalty | | | |
|  | Sec. | Sec. | Sec. | Sec. |
| Deficiency | 6662(h) | 6662(e) | 6662(d) | 6662(c) |
| $17,059 | $6,823 | $3,411 | $3,411 | $3,411 |

In the second amendment to petition, Ingrid Capehart (petitioner) elected and requested relief from tax liability under section 6015(b), (c), and (f).

The parties have filed a stipulation of settled issues and a stipulation of facts. In the stipulation of settled issues the parties have settled the substantive issues for determining the deficiency and the penalties. The parties agree that petitioners have a Federal income tax deficiency of $8,225 and are liable for an accuracy-related penalty under section 6662(a) in the amount of $507 for 1994. In addition, petitioner no longer seeks relief under section 6015(b) and (f), and respondent agrees that petitioner is entitled to relief under section 6015(c).

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code in effect at all relevant times.

The sole issue for decision concerns the computation of the portion of the deficiency and the accuracy-related penalty for 1994 allocable to petitioner under section 6015(d).

## Background

The facts in this case have been stipulated and are found accordingly. The stipulation of settled issues, the stipulation of facts, and the exhibits submitted therewith are incorporated herein by this reference.

When the petition in this case was filed, petitioner and her husband, Robert J. Capehart (Mr. Capehart), resided in Sparks, Nevada. Mr. Capehart died on January 23, 2002, after the petition in this case was filed. The Estate of Robert J. Capehart, Deceased, has been substituted as a party. Petitioner is the personal representative of Mr. Capehart's estate.

On April 15, 1995, Mr. Capehart and petitioner filed a joint Federal income tax return for 1994 on which they reported the following:

| Item | Amount | |
|------|--------|--|
| Income | | |
|   Wages, salaries, tips, etc. | $52,071 | |
|   Interest | 473 | |
|   Dividends | 135 | |
|   State tax refund | 373 | |
|   Capital gain | 190 | |
|   Other gain or loss (Form 4797) | (37,239) | |
|   Pension | 12,426 | |
|   Gambling income | 2,458 | |
| Adjustments to income | | |
|   Mr. Capehart's IRA deduction | (1,200) | |
|   Petitioner's IRA deduction | (1,200) | |
| Adjusted gross income | | $28,487 |
| Itemized deductions (Schedule A) | | |
|   Medical/dental[1] | 1,143 | |
|   State income taxes | 442 | |
|   Real estate taxes | 907 | |
|   Personal property taxes | 504 | |
|   Mortgage interest | 4,164 | |
|   Charitable gifts | 180 | |
|   Theft loss | 4,183 | |
|   Gambling losses | 2,458 | |
|     Total | | (13,981) |
| Net income | | 14,506 |
| Exemptions | | (4,900) |
| Taxable income | | 9,606 |
| Tax | | 1,444 |
| Federal income tax withheld[2] | | 7,132 |
| Refund | | 5,688 |

[1]Petitioner and Mr. Capehart reported total medical/dental expenses of $3,280 and deducted the excess over $2,137 (7.5 percent of their $28,487 adjusted gross income).

[2]Petitioner had Federal income tax of $2,164 withheld from her wages.  Mr. Capehart had Federal income tax of $4,968 withheld from his wages and retirement income.

Respondent did not refund the $5,688 overpayment reflected on the joint return but instead issued a "pre-filing notification letter" that the refund was "suspended".

Respondent issued petitioner and Mr. Capehart a notice of deficiency dated March 28, 1997. In the notice of deficiency, respondent, inter alia, disallowed the $37,239 loss claimed on Form 4797, Sale of Business Property (the Form 4797 loss), and the $4,183 theft loss claimed on the return. Petitioners now agree that they are not entitled to deduct these losses in 1994. The Form 4797 loss and the theft loss are related to petitioner's and Mr. Capehart's participation in a partnership formed, promoted, and operated by Walter J. Hoyt III. These losses are attributable equally to petitioner and Mr. Capehart.

## Discussion

As a general rule, spouses filing joint Federal income tax returns are jointly and severally liable for all taxes due. Sec. 6013(d)(3). Section 6015 provides three alternative grounds for granting relief from joint and several liability. First, section 6015(b) provides for traditional relief from joint and several liability for a tax deficiency following the model of former section 6013(e). Second, section 6015(c) provides for an allocation of liability for a tax deficiency. Finally, section 6015(f) provides for relief from liability for any unpaid tax or

deficiency on equitable grounds, but only if section 6015(b) and (c) does not apply.

Under section 6015(c)(3), if spouses who filed a joint return are no longer married or are legally separated, then the requesting spouse may elect to limit his/her liability to the portion of the deficiency allocated to him/her as provided in section 6015(d). The deficiency is determined from the joint return on the basis of the married filing joint return status (the rate elected by the spouses when they filed the joint return). The electing spouse generally bears the burden of proof with respect to establishing the portion of any deficiency that is allocable to him/her. Sec. 6015(c)(2).

The parties agree that petitioners have a deficiency in their 1994 Federal income tax of $8,225 and are liable for an accuracy-related penalty under section 6662(a) of $507. They also agree that petitioner qualifies for relief under section 6015(c). The parties disagree as to the amounts of the deficiency and the penalty for which petitioner is liable pursuant to section 6015(d).

A. Proportionate Allocation Method

Generally the portion of the deficiency on a joint return allocated to an individual is the amount that bears the same ratio to the deficiency as the net amount of items taken into account in computing the deficiency and allocable to the

individual under section 6015(d)(3) bears to the net amount of all items taken into account in computing the deficiency. Sec. 6015(d)(1). Section 6015(d)(3)(A) provides that items giving rise to a deficiency on a joint return (erroneous items) shall be allocated to each spouse as though each had filed a separate return for the taxable year; i.e., an erroneous item is allocated to the spouse to whom the erroneous item is attributed. The requesting spouse is liable only for his/her proportionate share of the deficiency; i.e., the amount that bears the same ratio to the deficiency as the net amount of erroneous items allocable to the electing spouse bears to the net amount of all erroneous items. Sec. 6015(d)(1), (3)(A); sec. 1.6015-3(d)(4)(A), Income Tax Regs.

##### 1. Allocation of Erroneous Items

The parties agree that the Form 4797 loss and the theft loss are "erroneous items" that are attributable equally to Mr. Capehart and petitioner; i.e., had petitioner and Mr. Capehart filed separate returns, they would each have reported one-half of the losses on their respective separate returns. See sec. 1.6015-3(d)(2)(iv), Income Tax Regs.

The parties' computations reveal that petitioners are not entitled to any deduction for medical or dental expenses. Petitioner and Mr. Capehart reported total medical/dental expenses of $3,280 and deducted $1,143 on the joint return on

account of the 7.5-percent floor. See sec. 213(a). Their agreed proper adjusted gross income is $65,668. Only medical and dental expenses exceeding 7.5 percent ($4,925.10) of the adjusted gross income are deductible. Since the amount of petitioners' medical and dental expenses ($3,280) did not exceed the threshold amount ($4,925.10), petitioners are not entitled to any deduction for medical/dental expenses. Consequently, the $1,143 medical/dental expense deducted on the joint return is an erroneous item giving rise to part of the deficiency for 1994.

The parties have not informed the Court as to how petitioner and Mr. Capehart would have reported the $1,143 of medical/dental expenses if they had filed separate returns. The regulations provide that deduction items such as medical and dental expenses that are unrelated to a business or investment are generally allocated 50 percent to each spouse unless the evidence shows that a different allocation is appropriate. Sec. 1.6015-3(d)(2)(iv), Income Tax Regs. Thus, we will allocate $571.50 of the disallowed medical and dental expenses to each of petitioner and Mr. Capehart.[2]

---

[2]We are mindful that because the amounts of the erroneous Form 4797 loss and the theft loss attributed to petitioner exceed her share of the spouses' combined taxable income for 1994, the portion of the deficiency for which petitioner remains liable would be the same if all of the medical/dental expenses were allocated to Mr. Capehart. Failure to include the disallowed medical/dental expenses in the erroneous items, however, would
(continued...)

The erroneous items giving rise to the 1994 tax deficiency total $42,565 ($37,239 Form 4797 loss + $4,183 theft loss + $1,143 medical/dental expenses) and are attributed equally to petitioner and Mr. Capehart; i.e., $21,282.50 to each. We refer to the erroneous items attributed to petitioner and Mr. Capehart respectively as her or his erroneous items. Since all erroneous items giving rise to the deficiency for 1994 are attributed equally to petitioner and Mr. Capehart, under the general rule, petitioner would be liable for one-half of the deficiency ($4,112.50). See sec. 6015(d)(1), (3)(A); sec. 1.6015-3(d)(4)(i)(A), Income Tax Regs.

2. Tax Benefit Exception

Section 6015(d)(3)(B) provides an exception to the general rule under section 6015(d)(3)(A) that an item giving rise to a deficiency on a joint return is allocated to the spouses filing a joint return in the same manner as it would have been allocated if the spouses had filed separate returns for the taxable year. Section 6015(d)(3)(B) provides that, under rules prescribed by the Secretary, an item giving rise to a deficiency that is attributable to one spouse must be allocated to the other spouse "to the extent the item gave rise to a tax benefit on the joint return" to the other spouse. In essence, section 6015(d)(3)(B)

---

[2](...continued)
increase the portion of the deficiency for which petitioner would remain liable.

provides for the reallocation of erroneous items to the extent one spouse received a tax benefit on a joint return and the other spouse did not.

The Secretary has promulgated regulations prescribing such rules.[3] Section 1.6015-3(d)(2)(i), Income Tax Regs., provides: "An erroneous item that would otherwise be allocated to the nonrequesting spouse is allocated to the requesting spouse to the extent that the requesting spouse received a tax benefit on the joint return." This rule applies equally to items that would otherwise be allocated to the requesting spouse. Hopkins v. Commissioner, 121 T.C. 73, 82-86 (2003). Section 1.6015-3(d)(5), Example (5), Income Tax Regs., provides:

> Example (5). Requesting spouse receives a benefit on the joint return from the nonrequesting spouse's erroneous item. (i) In 2001, H reports gross income of $4,000 from his business on Schedule C, and W reports $50,000 of wage income. On their 2001 joint Federal income tax return, H deducts $20,000 of business expenses resulting in a net loss from his business of $16,000. H and W divorce in September 2002, and on May 22, 2003, a $5,200 deficiency is assessed with respect to their 2001 joint return. W elects to allocate the deficiency. The deficiency on the joint return results from a disallowance of all of H's $20,000 of deductions.
>
> (ii) Since H used only $4,000 of the disallowed deductions to offset gross income from his business, W benefitted from the other $16,000 of the disallowed

---

[3]The regulations are applicable for all elections or requests for relief filed on or after July 18, 2002. Sec. 1.6015-9, Income Tax Regs. In the case at bar, petitioner elected relief in the second amendment to petition filed on May 22, 2003.

deductions used to offset her wage income.  Therefore, $4,000 of the disallowed deductions are allocable to H and $16,000 of the disallowed deductions are allocable to W.  W's liability is limited to $4,160 (4/5 of $5,200). * * *

In sum, section 6015(d)(3)(A) and (B) and the applicable regulations require the amount of deductions from the erroneous items attributed to an individual to be first allocated to that individual to the extent of the income reported on the joint return that would have been allocated to that individual had he/she filed a separate return.  Hopkins v. Commissioner, supra at 82-86.  The excess of the amount of the deduction from the erroneous items attributed to an individual over his/her share of income reported on the joint return may give rise to a tax benefit on the joint return to that individual's spouse by offsetting the income reported on the joint return that the spouse would have reported had he/she filed a separate return. Id.  Consequently, such excess is allocated to the individual's spouse to the extent it reduces the spouse's share of income reported on the joint return.  Id.

The parties agree that, for purposes of section 6015(c) and (d), items of income, loss/credit, and taxable income reported on petitioners' 1994 joint return should be allocated between petitioner and Mr. Capehart as follows:

| Item | Petitioner | Mr. Capehart | Total |
|------|-----------|--------------|-------|
| Income | | | |
| Wages | $20,146.00 | $31,925.00 | $52,071 |
| Interest | 236.50 | 236.50 | 473 |
| Dividends | 67.50 | 67.50 | 135 |
| State income tax | 186.50 | 186.50 | 373 |
| Capital gains | 95.00 | 95.00 | 190 |
| Pension | -0- | 12,426.00 | 12,426 |
| Gambling income | 1,229.00 | 1,229.00 | 2,458 |
| Adjustments to income | | | |
| IRA deductions | (1,200.00) | (1,200.00) | (2,400) |
| Adjusted gross income | 20,760.50 | 44,965.50 | 65,726 |
| Itemized deduction | | | |
| State income tax | -0- | 442.00 | 442 |
| Real estate taxes | 453.50 | 453.50 | 907 |
| Personal property | 252.00 | 252.00 | 504 |
| Mortgage interest | 2,082.00 | 2,082.00 | 4,164 |
| Charitable | 90.00 | 90.00 | 180 |
| Gambling loss | 1,229.00 | 1,229.00 | 2,458 |
| Exemption amount | 2,450.00 | 2,450.00 | 4,900 |
| Total deductions | 6,556.50 | 6,998.50 | 13,555 |
| Taxable income | 14,204.00 | 37,967.00 | 52,171 |

In accordance with section 6015(d) and the applicable regulations, petitioner's erroneous items ($21,282.50) are first allocated to petitioner to the extent of the $14,204 of income reported on the joint return that would have been allocated to her had she filed a separate return. The $7,078.50 excess of petitioner's erroneous items over her share of the income reported on the joint return is then allocated to Mr. Capehart.

3. Proportionate Allocation of Deficiency

Pursuant to section 6015(d)(1), the portion of the deficiency allocable to petitioner is the amount that bears the same ratio to the deficiency as the net amount of erroneous items

allocable to petitioner bears to the net amount of all erroneous items taken into account in computing the deficiency. The proportionate allocation can be algebraically expressed as follows:

$$X = \text{deficiency} \times \frac{\text{net amount of erroneous items allocable to the spouse}}{\text{net amount of all erroneous items}}$$

where X is the portion of the deficiency allocable to petitioner. See sec. 1.6015-3(d)(4)(i)(A), Income Tax Regs.

Under the proportionate allocation method, $2,744.69 is the portion of the $8,225 deficiency allocable to petitioner, computed as follows:

$$\$2,744.69 = \$8,225 \times \frac{\$14,204}{\$42,565}$$

a.   <u>Respondent's Computation</u>

Respondent computed petitioner's share of the deficiency to be $2,820. Respondent computed petitioner's share of the deficiency by applying the proportionate allocation method required by section 6015(d) to the Form 4797 loss and the theft loss ($2,820 = $8,225 x $14,204 ÷ $41,422). Respondent's computation is flawed in that it does not take into account the $1,143 disallowed deduction for medical/dental expenses.

b. Petitioner's Computation

i. Separate Return Liability

Petitioner asserts that her liability should be limited to $2,134, the amount she would have paid on taxable income of $14,204 had she filed a separate return. Petitioner's theory assumes that erroneous items cannot be allocated in a way that would result in a spouse's owing more tax than if separate returns had been filed. Neither the statute nor the regulations provide for such a limitation. The statute and the regulations allocate all of petitioner's erroneous items to her except for those items that provided a tax benefit to Mr. Capehart on the joint return. If petitioner's liability were limited to $2,134, then only $11,044 (not $14,204) of her erroneous items would be allocated to her for purposes of section 6015(d)(1), computed as follows:

$$X = \frac{\text{deficiency allocated to petitioner (\$2,134)}}{\text{deficiency (\$8,225)}} \times \text{total erroneous items(\$42,565)}$$

where X is the portion of the erroneous items allocable to petitioner. Essentially, petitioner argues that Mr. Capehart received a tax benefit on the joint return from $10,238.50 of petitioner's erroneous items.

Under petitioner's theory, Mr. Capehart's $37,967 taxable income would have been offset by his erroneous items ($21,282.50) plus $10,238.50 of petitioner's erroneous items. The $9,606 of

taxable income reported on the return would have consisted of $3,160 ($14,204 - $11,044) of petitioner's taxable income and $6,446 of Mr. Capehart's taxable income.

Petitioner's theory is flawed. Had petitioner and Mr. Capehart filed separate returns that included the erroneous items, petitioner would have reported no taxable income because $14,204 of her $21,282.50 erroneous items would have offset all of her income, and $7,078.50 of her erroneous items would have been unused in 1994. Consequently, she received the tax benefit of $14,204 of her erroneous items. Moreover, Mr. Capehart would have reported taxable income of $16,684.50, the excess of his taxable income over his erroneous items ($37,967 - $21,282.50). Consequently, if petitioner and Mr. Capehart had filed separate returns, on a pro forma basis their combined taxable income would be $16,684.50 that would be solely attributable to Mr. Capehart. Since petitioner and Mr. Capehart reported $9,606 of taxable income on their joint return for 1994, Mr. Capehart's share of the taxable income was offset by $7,078.50 ($16,684.50 - $9,606) of petitioner's erroneous items that were reported on the joint return. Therefore, $7,078.50, not $10,238.50, of petitioner's erroneous items gave rise to a tax benefit on the 1994 joint return to Mr. Capehart. Consequently, only $7,078.50, not $10,238.50, of petitioner's erroneous items is allocated to Mr. Capehart under section 6015(d)(3), and $14,204 of petitioner's

erroneous items remains allocated to her, not the $11,044 that petitioner's theory would allocate to her.

### ii.  Benefit of Lower Tax Rate

Petitioner posits that the proportionate allocation method provided in section 1.6015-3(d)(4)(i)(A), Income Tax Regs., is invalid because it does not account for the difference in the tax rates as applied to petitioner's and Mr. Capehart's separate taxable incomes.  Petitioner contends that Mr. Capehart would have owed tax of $8,723 had he filed a separate return:  $19,000 of taxable income taxed at the rate of 15 percent and $18,677 of taxable income taxed at the rate of 28 percent.[4]  Petitioner asserts that her erroneous items provided a tax benefit on the 1994 joint return to Mr. Capehart because Mr. Capehart's $37,967 of taxable income would have been taxable at an effective rate of 21.5 percent, rather than 15 percent.  Petitioner has not provided a computation of the portion of her erroneous items that provided the asserted benefit to Mr. Capehart.  Furthermore, petitioner's erroneous items did not reduce Mr. Capehart's effective tax rate.

Mr. Capehart's $37,967 of taxable income was offset by $21,282.50 of erroneous items attributed to him.  The $16,684.50

---

[4]Petitioner's computation is in error in that it attributes $37,677 ($19,000 + $18,677) of taxable income to Mr. Capehart. Mr. Capehart had $37,967 of taxable income.  Consequently, $18,967 of his income would be taxable at the rate of 28 percent.

excess was taxable at 15 percent. The amount of that excess plus petitioner's $14,204 of taxable income totaled $30,888.50. For married individuals who filed a joint return for 1994, only taxable income in excess of $38,000 would have been taxed at a rate greater than 15 percent rate. Thus, contrary to petitioner's assertions, it was not her erroneous items that reduced Mr. Capehart's tax rate, but rather it was Mr. Capehart's erroneous items that reduced his tax rate.

Because petitioner was unable to compute the portion of her erroneous items that provided the asserted benefit to Mr. Capehart, and because Mr. Capehart's tax rate was not reduced by petitioner's erroneous items that were allocated to Mr. Capehart pursuant to the formula set forth in section 1.6015-3(d)(4)(i)(A), Income Tax Regs., petitioner has not shown that the regulation is invalid.

### iii. Proportionate to Taxable Income

Petitioner also complains that, while her 1994 taxable income was only 27 percent of the total taxable income for 1994, the proportionate allocation method provided in section 1.6015-3(d)(4)(i)(A), Income Tax Regs., allocates 34 percent of the deficiency to her. The succinct response to petitioner's complaint is that Congress did not allocate the deficiency in proportion to the spouses' respective shares of taxable income when formulating the relief to be granted under section 6015(c).

Section 6015(d) expressly requires that the allocation of the deficiency be proportionate to the items taken into account in determining the deficiency; i.e., proportionate to the erroneous items allocated to the spouse, not to the spouse's share of taxable income. A spouse's taxable income is relevant for purposes of allocating the erroneous items between the spouses only where one spouse receives a tax benefit on the joint return from the other spouse's erroneous items.

B. Alternative Allocation Method

Section 6015(h) directs the Secretary to prescribe regulations providing methods for allocation of items other than the methods under section 6015(d)(3).[5] Petitioner argues that her liability should be limited to 15 percent of her taxable income pursuant to section 1.6015-3(d)(6)(i) and (ii) Income Tax Regs., which provides the following alternative method for allocating a deficiency that arises from erroneous items that are

[5]Sec. 1.6015-3(d)(4)(i)(B), Income Tax Regs., requires application of the proportionate allocation method to any portion of the deficiency other than any portion of the deficiency (1) attributable to erroneous items allocable to the nonrequesting spouse of which the requesting spouse had actual knowledge, (2) attributable to separate treatment items (as defined in sec. 1.6015-3(d)(4)(ii), Income Tax Regs.), (3) relating to the liability of a child (as defined in sec. 1.6015-3(d)(4)(iii), Income Tax Regs.) of the requesting spouse or nonrequesting spouse, (4) attributable to alternative minimum tax under sec. 55, (5) attributable to accuracy-related or fraud penalties, or (6) allocated pursuant to alternative allocation methods authorized under sec. 1.6015-3(d)(6), Income Tax Regs.

subject to tax at different rates, with an example demonstrating

the method:

> (6) <u>Alternative allocation methods</u>.--(i)
> <u>Allocation based on applicable tax rates</u>.--If a
> deficiency arises from two or more erroneous items that
> are subject to tax at different rates (e.g., ordinary
> income and capital gain items), the deficiency will be
> allocated after first separating the erroneous items
> into categories according to their applicable tax rate.
> After all erroneous items are categorized, a separate
> allocation is made with respect to each tax rate
> category using the proportionate allocation method of
> paragraph (d)(4) of this section.

> *     *     *     *     *     *     *

> (iii) <u>Example</u>.--The following example
> illustrates the rules of this paragraph (d)(6):

> <u>Example</u>.  <u>Allocation based on applicable tax
> rates</u>.  H and W timely file their 1998 joint Federal
> income tax return.  H and W divorce in 1999.  On July
> 13, 2001, a $5,100 deficiency is assessed with respect
> to H's and W's 1998 return.  Of this deficiency, $2,000
> results from unreported capital gain of $6,000 that is
> attributable to W and $4,000 of capital gain that is
> attributable to H (both gains being subject to tax at
> the 20% marginal rate).  The remaining $3,100 of the
> deficiency is attributable to $10,000 of unreported
> dividend income of H that is subject to tax at a
> marginal rate of 31%. H and W both timely elect to
> allocate the deficiency, and qualify under this section
> to do so.  There are erroneous items subject to
> different tax rates; thus, the alternative allocation
> method of this paragraph (d)(6) applies.  The three
> erroneous items are first categorized according to
> their applicable tax rates, then allocated. Of the
> total amount of 20% tax rate items ($10,000), 60% is
> allocable to W and 40% is allocable to H.  Therefore,
> 60% of the $2,000 deficiency attributable to these
> items (or $1,200) is allocated to W.  The remaining 40%
> of this portion of the deficiency ($800) is allocated
> to H.  The only 31% tax rate item is allocable to H.
> Accordingly, H is liable for $3,900 of the deficiency
> ($800+$3,100), and W is liable for the remaining
> $1,200.

The alternative method applies when the erroneous items are subject to tax at different rates. The erroneous items in this case are the Form 4797 loss, the theft loss, and the medical/dental expenses. Those items are not subject to tax at different rates. Rather, they are all deductions used by petitioner and Mr. Capehart on their joint return to offset ordinary income. Accordingly, section 1.6015-3(d)(6)(i) and (ii) Income Tax Regs., does not change the result in this case.

C.    Allocation of Accuracy-Related Penalty

Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the underpayment of tax. The parties agree that petitioners are liable for an accuracy-related penalty under section 6662(a) of $507 computed on an underpayment of $2,537.

For purposes of section 6662, the term "underpayment" is defined by section 6664(a) to mean the amount by which the tax imposed exceeds the excess of (1) the sum of (A) the amount shown as the tax by the taxpayer on his return, plus (B) amounts not so shown previously assessed (or collected without assessment), over (2) the amount of rebates made. In essence, an underpayment for purposes of section 6662 has the same meaning as a deficiency. See secs. 6211(a), 6664(a); Downing v. Commissioner, T.C. Memo. 2005-73, supplementing T.C. Memo. 2003-347; Estate of Johnson v. Commissioner, T.C. Memo. 2001-182, affd. 129 Fed. Appx. 597 (11th Cir. 2005); Rice v. Commissioner, T.C. Memo. 1999-65.

In the case at bar, the parties calculated the underpayment by subtracting the $5,688 overpayment (the $7,132 withholding tax paid less the $1,444 tax liability reported on the return) claimed on the joint return, which was not refunded to petitioners, from the $8,225 deficiency; i.e., a $2,537 balance of tax remaining unpaid.[6]

1.   Respondent's Computation

Respondent allocated $209 of the accuracy-related penalty to petitioner.  In so doing, respondent allocated $1,774 of the refund claimed to petitioner.  Respondent explained his computation as follows:

> In computing the underpayment for purposes of the accuracy related penalty, respondent gave petitioner Ingrid Capehart credit for a frozen refund in the amount of $1,774.00.  The frozen refund relates to Ingrid Capehart's Federal income tax withholdings (prepayment credits) in the amount of $2,164.00 that were taken from her wages, reported on the return, and not refunded.  In arriving at the $1,774.00 figure, respondent subtracted from Ingrid Capehart's withholdings of $2,164.00 her allocable share of the $1,444.00 of tax liability reported on the 1994 return. Petitioner Ingrid Capehart's allocable share of the $1,444.00 tax liability reported on the 1994 return is 27 percent of $1,444.00 or $390.00 ($1,444.00 x .27 = $4390.00).  27 percent is used because this is the percentage of the total taxable income reported on the return that would have been allocated to Ingrid Capehart if the parties had filed separate returns. * * * Accordingly, the $1,774.00 figure was arrived at as follows:

---

[6]Essentially, the parties treat the claimed refund amount of withholding tax as a tax collected without assessment.

$2,164.00      Withholding credits
- $   390.00    Ingrid Capehart's allocable share
                of the $1,444.00 liability report
                on the return
$1,774.00      Frozen Refund Credit

Respondent computed petitioner's share of the accuracy-related penalty as follows:

| | |
|---|---|
| Petitioner's share of deficiency as computed by respondent | $2,820 |
| Petitioner's frozen refund credit | (1,774) |
| Petitioner's underpayment upon which the accuracy-related penalty applies | 1,046 |
| Accuracy-related penalty percentage | x 0.20 |
| | 209 |

2.   Petitioner's Position

Petitioner erroneously refers to the $1,444 tax shown on the return as the tax "paid" on the return and complains that respondent allocated only $390 of that tax to her in computing her share of the accuracy-related penalty.  The gist of petitioner's complaint is that the $390 of tax allocated to her represents 27 percent of the tax "paid" on the return ($1,444), whereas the $209 of the section 6662(c) penalty allocated to her is 41 percent of the total section 6662(a) penalty.

3.   Computation of Petitioner's Share of the Accuracy-
     Related Penalty

Section 1.6015-3(d)(4)(iv)(B), Income Tax Regs., provides that the accuracy-related penalty under section 6662 is "allocated to the spouse whose item generated the penalty."  As we have previously discussed, the erroneous items allocated to petitioner offset all of her taxable income reported on the joint

return. The $9,606 of taxable income reported on the return upon which the tax reported on the return was calculated was Mr. Capehart's income that was not offset by the erroneous items allocated to him. We conclude, therefore, that the $1,444 tax reported on the return should not be included in computing the portion of the underpayment attributable to petitioner.

Any portion of the tax shown on the return that is allocated to petitioner reduces the amount of her withholding credits to be applied toward her portion of the tax deficiency and increases her share of the underpayment. Consequently, allocating a portion of the tax shown on the return to petitioner increases her portion of the accuracy-related penalty. Taking into account the proper allocation of the erroneous items, we do not think that it is proper to allocate any of the tax shown on the return to petitioner.

On the basis of the taxable income and erroneous items, the total tax liability and the portion not offset by withholding credits (unpaid taxes) is allocated between petitioner and Mr. Capehart as follows:

| Item | Petitioner | Mr. Capehart | Total |
|---|---|---|---|
| Taxable income | $14,204 | $37,967 | $52,171 |
| Erroneous items | (14,204) | (28,361) | (42,565) |
| Taxable income on | -0- | 9,606 | 9,606 |
| | | | |
| Tax on return | | 1,444 | 1,444 |
| Tax deficiency | 2,745 | 5,480 | 8,225 |
| Total tax liability | 2,745 | 6,924 | 9,669 |
| Withholding | (2,164) | (4,968) | (7,132) |
| Unpaid tax | 581 | 1,956 | 2,537 |

Treating the withholding tax paid in excess of the liability as a tax collected without assessment for purposes of section 6662, the underpayment of tax is allocated between petitioner and Mr. Capehart as follows:

| Item | Petitioner | Mr. Capehart | Total |
|---|---|---|---|
| Tax imposed | $2,745 | $6,924 | $9,669 |
| Tax on return | -0- | (1,444) | (1,444) |
| Tax collected without assessment | (2,164) | (3,524) | (5,688) |
| Underpayment | 581 | 1,956 | 2,537 |

We reach the same result by applying respondent's method of computing the underpayment without allocating any portion of the $1,444 of tax reported on the return to petitioner, shown as follows:

| | |
|---|---|
| Petitioner's withholding | $2,164 |
| Petitioner's allocable share of the $1,444 liability report on the return | -0- |
| Petitioner's frozen refund credit | 2,164 |
| Petitioner's share of deficiency | 2,745 |
| Petitioner's frozen refund credit | (2,164) |
| Petitioner's underpayment upon which the accuracy-related penalty applies | 581 |

We conclude that the underpayment generated by petitioner's erroneous items is $581 and the penalty allocated to petitioner is $116 ($581 x 0.20).

D.  Conclusion

We hold that pursuant to section 6015(c) petitioner remains jointly and severally liable for $2,745 of the deficiency and $116 of the accuracy-related penalty under section 6662.

In accordance with the above,

An appropriate decision

will be entered.