T.C. Summary Opinion 2011-38

UNITED STATES TAX COURT

JENNIFER M. DULANEY, Petitioner, AND
WALTER DULANEY, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26364-08S.          Filed March 29, 2011.

Jennifer M. Dulaney, pro se.

Walter Dulaney, pro se.

<u>D'Aun E. Clark</u>, for respondent.

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

_____

    [1]Unless otherwise indicated, section references are to the
Internal Revenue Code of 1986, as amended, in effect for the
relevant period.  Rule references are to the Tax Court Rules of
Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

In a final notice of determination dated August 6, 2008, respondent denied petitioner's claim for section 6015 relief with respect to the joint and several income tax liabilities arising from the 2004 and 2005 joint Federal income tax returns filed by petitioner and Walter Dulaney (intervenor). Those liabilities arose from deficiencies assessed in due course following the issuance of a notice of deficiency for each year. According to respondent, petitioner is not entitled to relief under section 6015(b), (c), or (f) because she knew, or had reason to know, of the items giving rise to the deficiency for each year. Intervenor joins with respondent in opposition to petitioner's claim for section 6015 relief.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner and intervenor resided at separate addresses in Florida.

Petitioner and intervenor were married in 1994. They separated in 2005 and were divorced in April 2006.

For the most part, petitioner was not employed outside of the home during the early years of her marriage to intervenor. In 1999 she enrolled in college; in 2002 she graduated with an associate's degree. Following her graduation, she was hired by

Martin Memorial Medical Center as a registered respiratory therapist and was so employed during 2004 and 2005. At all times relevant intervenor was employed as a firefighter.

During their marriage, petitioner was responsible for handling the family finances. She and intervenor maintained two joint checking accounts, one with Bank of America and one with Washington Mutual Bank, from which petitioner paid most, if not all, of the household expenses and into which her salary and intervenor's salary were directly or otherwise deposited.

Among other things, petitioner maintained receipts for household expenditures, prepared ledgers recording those expenditures, reviewed the monthly bank statements, reconciled the checkbook balances with the balances shown on the bank statements, and otherwise maintained the family's records for income tax purposes.

Petitioner and intervenor routinely filed joint Federal income tax returns during their marriage. Although petitioner maintained, organized, and provided various records used to prepare their joint return for each year, she did not directly participate in the preparation of any of those returns, including the joint returns filed for 2004 and 2005.

The 2004 joint return was prepared by an income tax return preparer; intervenor prepared and electronically filed the 2005

return.[2]   Petitioner's income during 2004 and 2005 obligated her to file a Federal income tax return for each of those years.

The joint return for each year here in issue includes a Schedule A, Itemized Deductions, on which the deductions for the following expenses are claimed:  (1) Medical and dental expenses; (2) taxes; (3) home mortgage interest; (4) gifts to charity; (5) tax preparation fees; (6) "Other expenses"; and (7) unreimbursed employee business expenses relating to intervenor's employment as a firefighter (2004 only).

Respondent determined and in due course assessed deficiencies in petitioner and intervenor's Federal income taxes for 2004 and 2005.  As best can be determined from the record, those deficiencies were attributable to the disallowance of various deductions claimed on each of those returns.[3]

In connection with their divorce in April 2006 petitioner and intervenor entered into a "Mediated Settlement Agreement" (the agreement).[4]  The agreement provides that the marital

----

[2]It is unclear whether petitioner reviewed either return. It is clear that she provided information necessary for the preparation of each return and that she consented (albeit reluctantly for 2005) to the returns' being prepared and filed on her behalf.

[3]The record does not specifically identify which deductions were disallowed.

[4]The date of the agreement cannot be determined.  It is also unclear whether the entire agreement has been placed into the record.

residence was to be sold and the net proceeds split equally between petitioner and intervenor, and it also addresses and resolves a variety of issues that typically arise when a marriage is terminated by divorce.  As best we can determine from what has been submitted, the agreement is silent regarding the allocation of existing, potential, or expected Federal income tax liabilities arising from the 2004 and 2005 joint returns.

On December 28, 2007, petitioner timely submitted a Form 8857, Request for Innocent Spouse Relief (request for relief), requesting relief pursuant to subsections (b), (c), and (f) of section 6015 for the years 2004 and 2005.

## Discussion

In general, married taxpayers may elect to file a joint Federal income tax return.  Sec. 6013(a).  After making the election for a year, each spouse is jointly and severally liable for the entire Federal income tax liability assessed for that year, whether as reported on the joint return or subsequently determined to be due.  Sec. 6013(d)(3); see sec. 1.6013-4(b), Income Tax Regs.  Subject to various conditions and in a variety of ways set forth in section 6015, an individual who has made a joint return with his or her spouse for a year may seek relief from the joint and several liability arising from that joint return.

Three types of relief are available under section 6015. In general, subsection (b)(1) provides full or apportioned relief from joint and several liability, subsection (c) provides proportionate tax relief to divorced or separated taxpayers, and subsection (f) provides equitable relief from joint and several liability if relief is not available under subsection (b) or (c). Except as provided in section 6015(c)(3)(C), the burden of proof is upon the taxpayer to establish entitlement to section 6015 relief. See Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).

A.   Section 6015(b)

Section 6015(b) provides relief from joint and several liability for tax (including interest, penalties, and other amounts) if, as relevant here and among other requirements, the requesting spouse establishes there is an understatement of tax on the return which is attributable to erroneous items of the nonrequesting spouse. Sec. 6015(b)(1); see Alt v. Commissioner, supra at 313.

The parties have not specified, and we are unable to divine, what the "erroneous items" attributable to intervenor are for either year in issue. Although the relevant returns have been provided, neither notice of deficiency has. Respondent's opening statement suggests that the deficiency for each year results from the disallowance of "all of the itemized deductions" claimed on

the joint return for each of those years, but Evidence 101 informs us that statements made during an opening statement do not constitute evidence.  Furthermore, the only evidence on the point, petitioner's testimony, does nothing more than demonstrate the uncertainty regarding what deductions were disallowed for either year.

Because we cannot tell what the "erroneous items" for either year were, we can hardly find which, if any, of those items were attributable to intervenor and not to petitioner.  Without such a fundamental finding, petitioner's request for relief under section 6015(b) for 2004 and 2005 fails even before and without considering respondent's contention that she knew or had reason to know of the understatement for each year.  Petitioner is not entitled to relief under section 6015(b) for either year in issue.

B.  Section 6015(c)

Subject to a variety of conditions, section 6015(c) permits an individual to elect to limit the liability arising from a joint Federal income tax deficiency to the portion of the deficiency that is properly allocable to the electing individual under section 6015(d).  Estate of Capehart v. Commissioner, 125 T.C. 211, 214 (2005); Barnes v. Commissioner, T.C. Memo. 2004-266; sec. 1.6015-3(a), Income Tax Regs.  In general, an item that gives rise to a deficiency on a joint Federal income tax return

will be allocated to the individuals who filed the joint return in the same manner as that item would have been allocated had those individuals filed separate returns. Sec. 6015(d)(3)(A); see also sec. 1.6015-3(d)(2), Income Tax Regs.

At least as between petitioner and respondent, it appears that petitioner has provided information that shows the portion of the deficiency for each year that is allocable to her. See sec. 6015(c)(2). Petitioner's request for relief apparently included an attachment that contained such an allocation for each year, but that attachment has not been provided to the Court.

Because respondent has not challenged petitioner's allocation of the deficiency for either year, we assume, without finding, that the allocation was acceptable to respondent, and we turn our attention to respondent's contention that petitioner is not entitled to relief under section 6015(c) for either year because she had actual knowledge of the items giving rise to the portion of the deficiency allocable to intervenor. The burden of proving petitioner's actual knowledge rests with respondent. See sec. 6015(c)(3)(C).

"Sauce for the goose is sauce for the gander." The American Heritage Dictionary of Idioms 557 (2003). As previously discussed, the lack of evidence regarding the items giving rise to the deficiency constrained us to find that petitioner failed to meet her burden of proving entitlement to section 6015(b)

relief. The same lack of evidence constrains us to find that respondent has failed to meet his burden of proof under section 6015(c)(3)(C). After all, if we cannot tell from the record what the items giving rise to the deficiency for each year were, we can hardly find that petitioner had actual knowledge of any of those items.

Because petitioner has otherwise satisfied the requirements of section 6015(c), she is entitled to relief under that section. We leave it to the parties' Rule 155 computations to reflect the application of section 6015(d) to such relief. See sec. 6015(c)(1).

C. <u>Section 6015(f)</u>

Relief under section 6015(f) is available to a taxpayer if "relief is not available to such individual under subsection (b) or (c)" of section 6015. Sec. 6015(f)(2). Because we find that petitioner is entitled to relief under section 6015(c), we need not consider whether petitioner is entitled to relief under section 6015(f).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.