T.C. Memo. 2017-169

UNITED STATES TAX COURT

BETHLYN BUSCH, Petitioner, AND BRETT FERRIGAN, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4665-16.                    Filed August 30, 2017.

<u>Kelly A. Gibson</u>, for petitioner.

Brett Ferrigan, pro se.

<u>Brandon S. Cline</u> and <u>John T. Arthur</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  Petitioner seeks review of respondent's determination that
she is not entitled to relief from joint and several liability for tax year 2012 (year at
issue).  The issues for decision are:

**[\*2]** (1) whether petitioner qualifies for relief from joint and several liability under section 6015(b)[1] for the year at issue.  We hold she does not;

(2) whether petitioner qualifies for relief from joint and several liability under section 6015(c) for the year at issue.  We hold she does partially;

(3) whether petitioner qualifies for relief from joint and several liability under section 6015(f) for the year at issue.  We hold she does not;

(4) whether petitioner is liable for an accuracy-related penalty under section 6662(a).  We hold she is to the extent stated herein.

## FINDINGS OF FACT

Petitioner resided in Florida at the time she petitioned this Court.

Petitioner and intervenor remained married during the year at issue and divorced in 2014.  Before their marriage, petitioner owned real property in West Palm Beach (marital property).  Intervenor's name was later added to the title of the marital property.

Petitioner also owned rental property (rental property), which was rented first to individuals and then to a church during the year at issue.  Petitioner and intervenor deposited the income from the rental property into their joint bank

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

**[*3]** account. Petitioner and intervenor jointly managed renting out the rental property. During the year at issue petitioner was the sole legal owner of the rental property.

Petitioner initially purchased the rental property for $200,000. She refinanced the marital property to purchase the rental property. At the time of trial petitioner had equity of $179,000 in the rental property. No adjustment was made to account for the value of the land when depreciating the rental property. The nondepreciable nature of land created an inflated depreciation deduction.

The marital property was refinanced multiple times after the purchase of the rental property. Some of the proceeds from the refinancing were used to cover the couple's monthly expenses. The mortgage on the marital property was paid from petitioner and intervenor's joint bank account.

Petitioner and intervenor filed joint returns for taxable years 2003 through 2013. In the first years of their marriage, petitioner and intervenor had a certified public accountant (C.P.A.) prepare their tax returns. Eventually, the couple decided to rely solely on intervenor to prepare their returns. Intervenor had no background in taxes or tax return preparation. When preparing their tax returns, intervenor relied upon the software TurboTax.

[*4]  Petitioner knew that intervenor prepared their 2012 tax return.  Petitioner orally supplied intervenor with the relevant tax information each year.   Petitioner did not provide intervenor with any books or records for the tax information she gave him.  Neither did she review their 2012 tax return.  Intervenor never withheld information about their tax returns from petitioner.  Included with the 2012 tax return was petitioner's Schedule C, Profit or Loss from Business, intervenor's Schedule C, and a Schedule E, Supplemental Income and Loss, reporting income and expenses from the rental property.

Petitioner is a practitioner of oriental medicine; she was self-employed during the year at issue.  Using QuickBooks software, petitioner prepared profit and loss statements on her own.

Intervenor had multiple jobs during his marriage to petitioner, including acupuncturist and financial adviser.  These various positions gave rise to Schedule C income, Schedule C expenses, and wages reported on Forms W-2, Wage and Tax Statement.  Intervenor was a financial adviser for the year at issue.  He has a bachelor's degree in journalism and a Series 7 securities license.

Petitioner and intervenor regularly discussed intervenor's business, including his income and expenses. Petitioner knew of, and frequently attended, intervenor's business dinners with clients.

**[\*5]**  In the later half of their marriage, petitioner and intervenor began taking distributions from their retirement accounts to cover their expenses.  The couple's expenses totaled around $6,000 per month.

Petitioner and intervenor eventually started divorce proceedings.  On August 5, 2014, their divorce was finalized.  Petitioner received the marital property and the rental property in the divorce settlement.

On December 3, 2015, respondent mailed separate statutory notices of deficiency (notices) determining a deficiency of $32,188 and a section 6662 accuracy-related penalty of $6,841.80 for the year at issue.  Petitioner had preemptively filed Form 8857, Request for Innocent Spouse Relief, with respondent on September 22, 2014, for tax years 2011, 2012, and 2013.  In the notices, respondent denied petitioner's relief request for the year at issue.  Petitioner timely petitioned this Court under section 6213.  The only issue before the Court at trial was relief from joint and several liability.

OPINION

I.    Jurisdiction

The Tax Court is a court of limited jurisdiction and can exercise its jurisdiction only to the extent provided by Congress.  Sec. 7442; Judge v. Commissioner, 88 T.C. 1175, 1180-1181 (1987); Naftel v. Commissioner, 85 T.C.

**[\*6]** 527, 529 (1985); see also Rules 13(a), 320(b). With respect to claims for relief from joint and several liability, the Court has three jurisdictional bases for reviewing a claim: (1) as an affirmative defense in a deficiency redetermination proceeding pursuant to section 6213(a); (2) as a stand-alone petition pursuant to section 6015(e) where the Commissioner has issued a final determination denying the electing spouse's claim for relief or the Commissioner has failed to rule on the claim within six months of its filing; and (3) in the context of a petition for review of a lien or levy action pursuant to section 6320(c) or 6330(d). See secs. 6015(e), 6213, 6214, 6320(c), 6330(c)(2)(A)(i), (d); Maier v. Commissioner, 119 T.C. 267, 270 (2002), aff'd, 360 F.3d 361 (2d Cir. 2004); see also Corson v. Commissioner, 114 T.C. 354, 363 (2000); Baumann v. Commissioner, T.C. Memo. 2005-31; Hale Exemption Tr. v. Commissioner, T.C. Memo. 2001-89.

Petitioner timely filed a petition with this Court contesting the determination in the notices that she was not entitled to relief from joint and several liability for the year at issue. Consequently, this Court has jurisdiction to review petitioner's claim for relief under section 6213(a) as an affirmative defense in this deficiency proceeding.

**[\*7]** II.      Section 6015

Three types of relief are available under section 6015.  Section 6015(b) provides full or partial relief from joint and several liability if specific requirements are met.  Section 6015(c) allows the deficiency to be allocated to the nonrequesting spouse in the event the couple is no longer married.  Section 6015(f) is available when both section 6015(b) and (c) are unavailable and, if under all facts and circumstances, we conclude that it is inequitable to hold the requesting spouse liable for any portion of an unpaid tax.

A.      Section 6015(b) Relief

Section 6015(b) requires a taxpayer seeking relief from joint and several liability to satisfy five conditions:  (1) a joint return was filed for the taxable year, (2) there is an understatement of tax attributable to erroneous items of the taxpayer's spouse, (3) the taxpayer establishes that in signing the return, he or she did not know, and had no reason to know, that there was an understatement, (4) taking into account all facts and circumstances, it would be inequitable to hold the taxpayer liable for the deficiency in tax for such taxable year attributable to such understatement, and (5) the taxpayer timely elects relief under section 6015(b).  These conditions are stated in the conjunctive, and the taxpayer must satisfy all five in order to be awarded relief.  See Alt v. Commissioner, 119 T.C.

**[\*8]** 306, 313 (2002), aff'd, 101 F. App'x 34 (6th Cir. 2004).  As stated, the failure of a taxpayer to satisfy any one of the elements precludes relief.  Haltom v. Commissioner, T.C. Memo. 2005-209.  The burden of proof is on the party electing the application of section 6015.  Rule 142(a) (1).

Petitioner and respondent agree that petitioner and intervenor filed a joint return for the year at issue and petitioner timely elected relief.  Accordingly, petitioner must also show that (1) the understatement of tax is attributable to erroneous items of intervenor, (2) petitioner did not know nor have reason to know of the understatement, and (3) it would be inequitable to hold her liable for the deficiency attributable to the understatement.  See Alt v. Commissioner, 119 T.C. at 313.

### 1.    Attribution Requirement

Under section 6015(b)(1)(B), petitioner is eligible for relief only if the understatement of tax is attributable to erroneous items of intervenor.  A spouse's ownership or activity relating to the erroneous item determines whether the understatement is attributable to only one spouse.  See Olson v. Commissioner, T.C. Memo. 2009-294.

**[*9]**          a.          <u>Intervenor's Schedule C</u>

The record shows that the items reported on intervenor's Schedule C are attributable to him and not petitioner. Therefore the Court finds that those items are attributable to the nonrequesting spouse, and the second element of section 6015(b) is satisfied as to those items.

b.          <u>Schedule E</u>

Petitioner purchased the rental property, and her name was the only name on the title. Petitioner and intervenor jointly managed renting out the rental property, and the proceeds were deposited in a joint bank account. Petitioner currently resides at the rental property. On the basis of these facts the Schedule E income and deductions are attributable to both petitioner and intervenor. <u>See</u> <u>Gaitan v. Commissioner</u>, T.C. Memo. 2012-3 (erroneous items were attributable to both spouses when both were involved in the business).

2.          <u>Knowledge Requirement</u>

A spouse can have neither actual knowledge of, nor a reason to know of the understatement giving rise to the adjustment. A spouse has reason to know if a reasonably prudent taxpayer could have been expected to know that the return contained an understatement. <u>Kistner v. Commissioner</u>, 18 F.3d 1521 (11th Cir. 1994), <u>rev'g</u> T.C. Memo. 1991-463; <u>Stevens v. Commissioner</u>, 872 F.2d 1499

**[\*10]** (11th Cir. 1989), aff'g T.C. Memo. 1988-63. When determining whether there was "reason to know", the Court of Appeals in Stevens noted certain factors: (1) the requesting spouse's level of education, (2) the requesting spouse's involvement in the family's business and financial affairs, (3) the presence of expenditures that appear lavish or unusual when compared to the family's past levels of income, standard of living, and spending patterns, and (4) the other spouse's evasiveness or deceitfulness concerning the family's finances. Stevens v. Commissioner, 872 F.2d at 1505.

Although petitioner has no background in tax, ignorance of the tax consequences of an item which gives rise to a deficiency is no defense for one seeking innocent spouse relief. Price v. Commissioner, 887 F.2d 959, 964 (9th Cir. 1989). Petitioner used QuickBooks to keep business records. Petitioner frequently attended intervenor's business dinners. Intervenor would discuss his business, including his income, with petitioner regularly. While petitioner did not review the tax returns, nothing in the record shows that this was a result of deceit by intervenor. It is clear that petitioner had knowledge of the underlying items and how to keep track of business expenses. The facts are sufficient to show that petitioner had actual knowledge, or reason to know, of the understatement giving rise to the adjustment, pursuant to Stevens and Price.

[*11]  In sum, petitioner is not entitled to section 6015(b) relief for the adjustments to the Schedule E because she fails the attribution requirement. Neither is petitioner entitled to section 6015(b) relief from the adjustments to intervenor's Schedule C because she has failed to prove that she should not have reasonably understood those items.

  B. <u>Section 6015(c) Relief</u>

  Section 6015(c) allows a qualifying requesting spouse who is no longer married to the person with whom the joint return was filed to receive proportionate relief from joint liability in accordance with section 6015(d).  Section 6015(d) generally provides that items giving rise to a deficiency shall be allocated between the spouses as though they had filed separate returns--with the requesting spouse liable only for the proportionate share of the deficiency resulting from the allocation.  Sec. 6015(d)(1), (3)(A).  Section 6015(c) does not apply to any portion of a deficiency if the Commissioner proves by a preponderance of the evidence that the requesting spouse had actual knowledge, when signing the return, of an item giving rise to the portion of the deficiency otherwise allocable to the nonrequesting spouse.  Sec. 6015(c)(3)(C).

  In the case of erroneous deductions, "knowledge of the item means knowledge of the facts that made the item not allowable as a deduction or credit."

**[\*12]** Sec. 1.6015-3(c)(2)(i)(B)(1), Income Tax Regs.  In the case of a fictitious or inflated deduction, knowledge means that the requesting spouse actually knew that the expenditure was not incurred, or not incurred to the extent claimed.  Id. subdiv. (i)(B)(2).

1.     Intervenor's Schedule C

The adjustments made to intervenor's Schedule C relate to overstated expenses.  Petitioner spoke with intervenor about his business and attended some of his business dinners.  While this shows that petitioner was aware of the existence of these items, she did not have actual knowledge of the facts that made the items not allowable as a deduction or credit.  Petitioner did not know that intervenor's expenses were overstated.  In the absence of petitioner's actual knowledge, section 6015(c) grants her relief from joint and several liability with respect to intervenor's Schedule C adjustments.

2.     Schedule E

As stated by the regulations, there must have been actual knowledge that the deduction was not incurred to the extent claimed on the return.  According to the testimony at trial, no one is sure how the original depreciation amount was reached in 2003 when the rental property was purchased.  We do know that TurboTax was used during most years of the marriage.  This Court has previously held that the

**[*13]** use of tax software is not a "get out of jail free card" for taxpayers. Bulakites v. Commissioner, T.C. Memo. 2017-79. The fact that intervenor entered the information into TurboTax for the couple is not enough to insulate petitioner from liability. Petitioner supplied the information to intervenor, and "tax preparation software is only as good as the information one inputs into it." Id. at *9. Because petitioner was the owner of the rental property, she had actual knowledge of the price paid for it. Her failure to review the tax return does not relieve her of responsibility. It was her rental income, and she does not qualify for section 6015(c) relief regarding the erroneous depreciation deduction.

In sum, petitioner is entitled to section 6015(c) relief relating to intervenor's Schedule C adjustments, but not the Schedule E adjustments relating to the rental property she owned.

### 3. Section 6015(d) Allocation

Once it has been determined that the requesting spouse is entitled to relief under section 6015(c), subsection (d) specifies the appropriate allocation of the deficiency. It provides that erroneous items "shall be allocated to each spouse as though each had filed a separate return for the taxable year". Estate of Capehart v. Commissioner, 125 T.C. 211, 215 (2005). The requesting spouse is then liable "only for his/her proportionate share of the deficiency". Id.

**[\*14]** The regulations provide guidance as to the allocation of specific items. "Erroneous items of income are allocated to the spouse who was the source of the income." Sec. 1.6015-3(d)(2)(iii), Income Tax Regs. "Erroneous deductions related to a business or investment are allocated to the spouse who owned the business or investment." Id. subdiv. (iv). Accuracy-related penalties "are allocated to the spouse whose item generated the penalty." Id. subpara. (4)(iv)(B).

Under these standards, we conclude that the deficiency and penalty for the year at issue should be allocated as follows.

The miscalculated depreciation and the underreported rental income remain joint liabilities.

Intervenor claimed Schedule C expense deductions in excess of those he was entitled to, resulting in a total adjustment of $15,874. Intervenor was the source of his Schedule C income and deductions; thus the related portion of the deficiency is attributable to him.

Any items which were not specifically discussed shall be allocated 50% to each spouse.

C.    Section 6015(f) Relief

Section 6015(f) provides equitable relief from joint and several liability if, taking into account all facts and circumstances, it is inequitable to hold the

[*15] requesting spouse liable for any unpaid tax or any deficiency, and relief is not available under subsection (b) or (c). As previously discussed, petitioner is not eligible for relief under subsection (b) or (c) for the Schedule E adjustments.

Having found that petitioner is due relief from joint and several liability under section 6015(c) relating to intervenor's Schedule C adjustments, relief under section 6015(f) is inapplicable.

In regard to the Schedule E adjustments, petitioner's ownership of the rental property and the facts and circumstances of the reporting error on depreciation do not demonstrate that it would be inequitable to hold petitioner liable for the underpayment.

III.    Section 6662(a) Accuracy-Related Penalty

Respondent determined that petitioner is liable for a 20% accuracy-related penalty under section 6662(a) and (b)(1) and (2) for an underpayment attributable to both negligence and a substantial understatement of income tax. Petitioner claims no penalty is appropriate because: (1) she did not prepare the return and lacked the knowledge to do so, (2) she had a good track record for paying taxes, and (3) the largest adjustment was related to property that she was "persuaded" to buy.

**[\*16]** Negligence includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws. Sec. 6662(c). This encompasses any failure to maintain adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. There is a "substantial understatement of income tax" if the amount of the understatement exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

Under section 7491(c), the Commissioner bears the burden of production with regard to penalties and must come forward with sufficient evidence indicating that it is appropriate to impose penalties. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). However, once the Commissioner has met the burden of production, the burden of proof remains with the taxpayer, including the burden of proving that the penalties are inappropriate because of reasonable cause and good faith under section 6664. See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447.

Respondent has satisfied his burden of production regarding the imposition of the accuracy-related penalty. Petitioner and intervenor's understatement of income tax for 2012 of $32,188, which equals the deficiency, exceeds $5,000, which is greater than 10% of tax required to be shown on petitioner's 2012 return.

**[*17]** Petitioner has failed to provide persuasive evidence that she acted with reasonable cause or good faith with regard to determining her tax liability. Although petitioner had a good track record paying her taxes, that is not relevant for determining whether the penalty is appropriate for the year at issue. Furthermore, petitioner did not provide books or records to substantiate the income reported or deductions claimed. Lastly, petitioner did not review the 2012 tax return. Petitioner has not demonstrated that she acted with reasonable cause or in good faith when attempting to assess her tax liability; thus the 20% accuracy-related penalty applies to the extent the tax liability is attributable to petitioner.

To reflect the foregoing,

Decision will be entered under

Rule 155.