T.C. Memo. 2012-255

UNITED STATES TAX COURT

ANDREW J. YOUNG AND SONDRA R. YOUNG, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21087-08.                    Filed September 4, 2012.

        P-W filed joint Federal income tax returns with P-H for the 2004
and 2005 taxable years.  P-H settled the 2004 and 2005 tax years with
R.  P-W seeks relief from joint and several liability under I.R.C. sec.
6015 with respect to the 2004 and 2005 tax liabilities.

        Held:  P-W is entitled to relief from joint and several liability,
pursuant to I.R.C. sec. 6015(c) with respect to her 2004 and 2005
taxable years.

Andrew J. Young and Sondra R. Young, pro sese.

Robert H. Berman and Timothy R. Berry, for respondent.

**[\*2]**         MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, <u>Judge</u>:  On May 22, 2008, respondent issued a notice of deficiency to Andrew J. and Sondra R. Young.  In the notice respondent determined a deficiency in income tax for 2004 of $100,593 and a penalty of $20,118.60 under section 6662(a).[1]  The notice also determined a deficiency in income tax for 2005 of $8,352, a penalty of $1,670.40 under section 6662(a), and an addition to tax of $2,087.75 under section 6651(a)(1).  On August 26, 2008, petitioner Mr. Young timely filed a petition on behalf of himself and his spouse for redetermination of the deficiencies, penalties, and addition to tax for 2004 and 2005 with this Court.[2]  However, petitioner Mrs. Young did not sign the petition at that time.

A stipulation of settlement signed by Mr. Young, but not Mrs. Young, was filed with this Court on February 22, 2010.  The stipulation of settlement resolved the deficiencies, penalties, and addition to tax at issue in the case for Mr. Young.  That same day, Mrs. Young filed an amendment to the petition in which she stated

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The petition was not filed with this Court until August 26, 2008, but it was timely mailed on August 20, 2008.  <u>See</u> sec. 7502.

[*3] that she ratified and affirmed the petition filed on August 26, 2008, and that "I like to claim innocent spouse relief".[3] Respondent subsequently determined that Mrs. Young was entitled to section 6015(c) innocent spouse relief. Mr. Young disagrees. The sole issue for decision is whether Mrs. Young is entitled to relief from joint and several liability under section 6015 for the years at issue. Mrs. Young filed for bankruptcy on October 24, 2011, causing the Court to stay the proceedings in this case on February 13, 2012. Mrs. Young's bankruptcy case was closed on April 10, 2012, and this Court lifted its stay on May 3, 2012.[4]

## FINDINGS OF FACT

Some of the facts have been stipulated. The stipulations, with accompanying exhibits, are incorporated herein by this reference. At the time the petition was filed, Mr. Young and Mrs. Young resided in California.

During the years at issue, Mr. Young was employed as a Mortgage Banker and was the sole source of income reported on Form W-2, Wage and Tax Statement, for the couple. Mrs. Young holds a degree in real estate from the

---

[3]The effect of this amendment was to treat Mrs. Young as if she had signed the petition as of the date filed, August 26, 2008. We also treat her claim for innocent spouse relief as an affirmatively pleaded defense to the determined deficiencies, penalties, and additions to tax.

[4]Certain of Mrs.Young's debts were discharged as a result of the bankruptcy proceeding, but none of them are relevant to our decision in this case.

[*4] University of Miami and held an active California real estate license during the years at issue.

The Youngs filed joint Forms 1040, U.S. Individual Income Tax Return, for the years at issue. The returns for both years were prepared by Darol Smith, an enrolled agent as designated by the Internal Revenue Service (IRS), and signed by Mr. Young and Mrs. Young.

On line 12 of the 2004 Form 1040, the Youngs reported losses of $159,277 from Schedule C, Profit or Loss From Business. These Schedule C losses were claimed to have resulted from the operation of the following businesses: (1) "R V R US" (motor home rental), (2) "Travel Max" (travel agent), and (3) "Youngs Charter" (fishing boat).

The return for 2005 reported total Schedule C losses of $70,265. These losses were claimed to have resulted from the operation of the following businesses: (1) "Home Pro Realty, Inc." (real estate); (2) "Evening Star Limousine" (limousine rental); (3) Youngs Charter; (4) motor home rental; and (5) travel agent.

Following the issuance of the above-referenced notice of deficiency and the timely Tax Court petition, the case was set for trial but then continued twice in order to permit: (1) Mrs. Young to file a claim for innocent spouse relief with

**[*5]** respondent, (2) respondent to review Mrs. Young's claim and make a determination as to her eligibility for relief, and (3) Mr. Young to have sufficient time to prepare to intervene in the proceedings if he chose to do so.

On November 3, 2010, Mrs. Young filed Form 8857, Request for Innocent Spouse Relief, with respondent. Mrs. Young indicated on the form that she was requesting relief for the years at issue and that she and Mr. Young had been living apart since June 1, 2007.[5] Mrs. Young stated that she signed the returns for the years at issue but did not prepare or review them before signing and "had no knowledge of Drew's [Mr. Young's] income or the deductions he was claiming". She also indicated that she had access to joint bank accounts during the years at issue, but only to the extent Mr. Young deposited funds in the accounts sufficient to cover household expenses.

On December 27, 2010, Mr. Young filed with respondent's Cincinnati Service Center, Form 12508, Questionnaire for Non-Requesting Spouse. Mr. Young indicated on the form that, for the years at issue, Mrs. Young prepared or helped prepare the returns, gathered receipts, gave tax documents to Mr. Smith, and asked Mr. Smith to explain items or amounts on the returns. He stated that

---

[5]Mrs. Young also indicated on the form that she was claiming relief for the 2006 tax year. However, as explained infra note 6 the 2006 tax year is not at issue.

[*6] during the years at issue, Mrs. Young had helped in the fishing boat, travel agent, and motor home rental activities for which the deductions on Schedule C had been claimed.

In respondent's pretrial memorandum, he stated that the Schedule C losses reported for the years at issue were disallowed because petitioners were unable to: (1) show that these activities were engaged in for profit, (2) demonstrate that the expenses were ordinary and necessary business expenses, and (3) substantiate the expenses. However, respondent determined that Mrs. Young did not have actual knowledge of the erroneous Schedule C deductions that gave rise to the deficiencies and that these erroneous items were entirely allocable to Mr. Young. Accordingly, respondent conceded that Mrs. Young is entitled to full relief from joint and several liability under section 6015(c) for the years at issue.[6]

At trial, Mrs. Young contended that the last time she had played a meaningful role in the preparation of a Federal income tax return was the year 2000. She indicated that for the years at issue she did not review the returns before signing, stating: "You came home, you pointed at the line, you said sign".

---

[6]At trial, respondent acknowledged that the pretrial memorandum erroneously stated that the year at issue was 2006. Respondent confirmed that Mrs. Young was entitled to full relief under sec. 6015(c) for the tax years 2004 and 2005 and that the entire amount of the now-settled deficiencies, penalties, and addition to tax for those years was allocable to Mr. Young.

**[*7]** Mrs. Young acknowledged that for the years at issue, the couple incurred expenses to repair the boat and the motor home which they owned. However, no evidence was introduced indicating that Mrs. Young viewed these expenses as anything but personal expenses.

Mrs. Young also acknowledged that her real estate license hung in the real estate offices and that she was colisted as a selling agent on a property sold during 2005. Mrs. Young initially conceded that she had sold 6542 East Gray Lane, one of the properties listed by the real estate activity in 2005, but later retracted this statement by denying any involvement in the real estate activity for either of the years at issue. Mrs. Young testified that she allowed her name to be colisted with that of another agent, Larry Friedman, on that property in order to facilitate the sale of the property to friends of hers, but she did not have any personal involvement in the actual sale.

Mr. Young also testified at trial. Contrary to Mrs. Young's testimony, he stated that Mrs. Young was in fact dealing in real estate during 2005 but contended that she simply was misremembering. Mr. Young also indicated that Mrs. Young was involved in the preparation of the 2004 return. He concluded by testifying that he never asked Mrs. Young to sign any tax returns without first reading them and that Mrs. Young always had copies of the returns.

**[*8]**   Mrs. Young did not dispute the deficiencies, penalties, or addition to tax for the years at issue at any point during the trial.[7]   Therefore, the only issue for decision is whether Mrs. Young is entitled to relief from joint and several liability under section 6015.

OPINION

I.   <u>Jurisdiction</u>

In cases involving requests for innocent spouse relief, our jurisdiction is typically founded on the filing of a petition following the Commissioner's determination that the requesting spouse is not entitled to relief.  <u>See</u> sec. 6015(e)(1)(A).  This case does not fit that typical mold.  Respondent has conceded that Mrs. Young is entitled to innocent spouse relief.  Mrs. Young's claim for innocent spouse relief was raised in the amended and ratified petition as an affirmative defense to the determined deficiencies.

This Court has jurisdiction to redetermine the deficiencies in this case because a valid notice of deficiency was issued and a petition was timely filed.  <u>See</u> Rule 13(a), (c); <u>Monge v. Commissioner</u>, 93 T.C. 22, 27 (1989); <u>Abeles v.</u>

---

[7]Mrs. Young did not sign the stipulated Federal income tax settlement document and therefore would have been entitled to dispute the deficiencies, penalties, and addition to tax at trial on their merits.  However, because these issues were not raised at trial, we will treat them as abandoned.  <u>See</u> <u>Sheldon v. Commissioner</u>, 50 T.C. 24, 25 (1968).

**[\*9]** <u>Commissioner</u>, 91 T.C. 1019, 1025 (1988).  In cases like this where a taxpayer raises innocent spouse relief as an affirmative defense, this Court "need[s] no additional basis for our authority to render an opinion on such issues because the affirmative defense is part of the deficiency proceeding over which we have jurisdiction".  <u>See</u> <u>Butler v. Commissioner</u>, 114 T.C. 276, 288 (2000).

II.    <u>Overview of Statutory Relief From Joint and Several Liability</u>

In general, spouses who elect to file a joint Federal income tax return are jointly and severally liable for the entire amount of tax reported on the return, as well as for any deficiency subsequently determined.  Sec. 6013(d)(3).  However, section 6015 provides three avenues of relief from joint and several liability:  (1) section 6015(b) permits relief if the requesting spouse establishes, inter alia, that in signing the return she "did not know, and had no reason to know" that there was an understatement of tax; (2) section 6015(c) allows a separated or divorced spouse to request an allocation of liability to the nonrequesting spouse if the requesting spouse did not have "actual knowledge" of the items giving rise to the understatement of tax; and (3) section 6015(f) allows the IRS or the Court to confer equitable relief depending on the particular facts and circumstances but only in situations where relief under section 6015(b) and (c) is not available.

**[\*10]** III.    Burden of Proof and Standard of Review

The spouse requesting relief generally bears the burden of proof in section 6015 cases.  Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), aff'd, 101 Fed. Appx. 34 (6th Cir. 2004).  An exception is found in section 6015(c), which places upon the Commissioner the burden of proving that a spouse electing relief under subsection (c) had actual knowledge at the time of signing the return of any item giving rise to the deficiency.  Sec. 6015(c)(3)(C).

A procedural problem arises where the Commissioner bears this burden of proving actual knowledge but favors granting relief and the only party opposing relief is the nonrequesting spouse (Mr. Young in this case).  The Court has resolved the conflict by determining whether actual knowledge has been established by a preponderance of the evidence as presented by all three parties.  Pounds v. Commissioner, T.C. Memo. 2011-202; Stergios v. Commissioner, T.C. Memo. 2009-15.  Accordingly, Mrs. Young bears the burden of proof in this case generally, but we will determine whether actual knowledge has been established by a preponderance of all the evidence presented.

The standard of review in determining whether relief is warranted under subsection (b), (c) or (f) of section 6015 is de novo.  Porter v. Commissioner, 132 T.C. 203, 210 (2009).  We will review the record de novo.

**[\*11]** IV.     Relief under Section 6015(c)

Respondent has conceded that Mrs. Young is entitled to full relief from joint and several liability under section 6015(c).  For this reason and because it is the subsection that best fits Mrs. Young's situation, we will focus our review of Mrs. Young's eligibility for relief on subsection (c).

Section 6015(c) allows a requesting spouse to allocate the items giving rise to the deficiency to the nonrequesting spouse if certain requirements are met.  To be eligible for section 6015(c) relief, the electing spouse must establish that:  (1) the spouses filed joint returns for the years at issue; (2) at the time the election for relief was made the spouses were legally separated or divorced or had not been members of the same household at any time during the previous 12 months; and (3) the election for relief was made after a deficiency was asserted but no later than two years after the Commissioner began collection activities.  None of the parties dispute that these requirements are satisfied.

Relief under section 6015(c) is not available where the Commissioner (or, in this case, all three parties) proves that the requesting spouse had "actual knowledge, at the time such individual signed the return, of any item giving rise to a deficiency * * * which is not allocable to such individual under subsection (d)".  Sec. 6015(c)(3)(C) (emphasis added).

**[\*12]**  The items giving rise to the deficiency in this case were losses resulting from erroneous Schedule C deductions.  In determining whether a requesting spouse had actual knowledge of an improperly deducted item on the return, more is required than the requesting spouse's knowledge that the deduction appears on the return or that the former spouse operated an activity at a loss.  King v. Commissioner, 116 T.C. 198, 205 (2001).  A requesting spouse has actual knowledge of an erroneous deduction if the requesting spouse has knowledge of the factual circumstances which made the item unallowable as a deduction.  King v. Commissioner, 116 T.C. at 204; sec. 1.6015-3(c)(2)(i)(B)(1), Income Tax Regs.

Respondent disallowed the Schedule C losses because:  (1) the activities in which the losses occurred were not engaged in for profit, and (2) the unsubstantiated expenses were not ordinary and necessary business expenses.  Our inquiry will focus on whether Mrs. Young had actual knowledge of these two factual circumstances for each of the five Schedule C activities, considered separately, at the time she signed the returns for the years at issue.

A.    Limousine Rental Activity

The record is devoid of any evidence that Mrs. Young was even aware of the limousine rental activity or any related income or expenses.  Therefore, the

**[\*13]** parties have failed to prove that Mrs. Young had actual knowledge of the facts that led to disallowing the losses claimed to have resulted from this activity.

B.     <u>Motor Home Rental, Fishing Boat, and Travel Agent Activities</u>

It is clear from the record that Mrs. Young was aware of, and occasionally paid for, expenses related to the couple's motor home and fishing boat for the years at issue. However, Mrs. Young's testimony was clear that she did not pay the expenses out of business accounts and that she never viewed those expenses as anything but personal expenses. Having not reviewed the returns before signing them, Mrs. Young was unaware that these expenses were being reported as Schedule C business expenses. <u>See</u> <u>DeMattos v. Commissioner</u>, T.C. Memo. 2010-110 (requesting spouse denied relief where she was aware of the deductions and prepared the returns). Mrs. Young also acknowledged that during the years at issue she would book travel for herself and Mr. Young, but she denied performing this service for nonfamily members for a fee. We are convinced that Mrs. Young was also unaware these expenses were being reported as Schedule C business expenses.

Mr. Young's testimony failed to overcome this testimony by Mrs. Young. Mr. Young did indicate on his nonrequesting spouse questionnaire that Mrs. Young had participated in these activities, but at trial he failed to provide specific

**[*14]** details on Mrs. Young's level of participation. Absent specifics beyond his bald allegation, we are inclined to believe Mrs. Young's testimony that she viewed the expenses related to these activities as purely personal. See Sykes v. Commissioner, T.C. Memo. 2009-197 (requesting spouse denied relief where she had intimate knowledge of the business dealings and frequently discussed the business with her husband). The parties have failed to show by a preponderance of the evidence that Mrs. Young had actual knowledge that the expenses related to these activities were claimed as deductions and were not ordinary and necessary business expenses. Nor have the parties shown that she knew that these activities were not engaged in with a primary purpose of making a profit.

   C.   Real Estate Activity

The level of Mrs. Young's involvement in the real estate activity is not as clear cut. Mrs. Young's real estate license hung in the offices and she was listed with contact information as a colisting agent on at least one property sold during 2005. Mrs. Young's trial testimony regarding her involvement in the real estate activity was decidedly less convincing than her testimony regarding her involvement in the other Schedule C activities. At one point she acknowledged selling at least one property in 2005, but she later retracted this by denying any personal involvement in any real estate activity for the years at issue. She went as

**[*15]** far as to say that she did not even know where the real estate offices were. Mr. Young disagreed and reiterated at the trial that she had dealt in real estate in 2005.

On this point, neither party's testimony was especially compelling. Regardless, there is still insufficient evidence to conclude that Mrs. Young had actual knowledge of the factual circumstances that led to the disallowed deductions relating to the real estate activity. Knowledge of and involvement in an activity, by itself, is insufficient to demonstrate actual knowledge of the circumstances leading to the disallowance of the item on the return. Compare King v. Commissioner, 116 T.C. at 205-206 (the taxpayer assisted minimally in the operation of the activity and was aware that it was not profitable but was granted relief because the Commissioner failed to specifically demonstrate that the taxpayer knew that her former spouse did not have the primary objective of making a profit), with Phemister v. Commissioner, T.C. Memo. 2009-201 (the taxpayer had actual knowledge of the facts that made the deductions unallowable where she ran the day-to-day operations and was well aware of the facts, including the defective recordkeeping, that led to the conclusion that the activity was not an activity engaged in for profit).

**[\*16]** Clearly Mrs. Young was aware of the real estate activity during the years at issue. However, Mr. Young has failed to demonstrate anything more than, at best, minimal participation in the activity. Mrs. Young did not have day-to-day control or unique factual knowledge as did the taxpayer in <u>Phemister</u>. Accordingly, we conclude that Mrs. Young did not have actual knowledge that the expenses related to the real estate activity were not ordinary and necessary business expenses. Nor have the parties shown that Mrs. Young knew that making a profit was not the primary motive for undertaking the real estate activity.

For all five of the Schedule C activities, there is not sufficient evidence to establish that Mrs. Young had actual knowledge of the facts which caused respondent to disallow the losses claimed to have resulted from those activities. Therefore, Mrs. Young is entitled to relief from liability to the extent the disallowed items are properly allocable to Mr. Young under section 6015(d).

V.    <u>Allocation of Deficiency Under Section 6015(d)</u>

If a requesting spouse qualifies for relief under section 6015(c), that spouse's liability for the deficiency is limited to the amount allocable to her as determined under section 6015(d). Section 6015(d) provides that the items giving rise to the deficiency on the joint return are to be allocated to the individuals filing the return in the same manner as the items would have been allocated if the

[*17] individuals had filed separate returns.  Sec. 6015(d)(3)(A).  In other words, "an erroneous item is allocated to the spouse to whom the erroneous item is attributed."  Estate of Capehart v. Commissioner, 125 T.C. 211, 215 (2005).

There is no evidence in the record that Mrs. Young had any knowledge of the limousine rental activities.  The expenses related to the motor home rental, fishing boat, and travel agent activities were all viewed by Mrs. Young as personal, nonbusiness expenses.  Mrs. Young was aware of the real estate activity, but had only minimal involvement, if any, in that activity during the years at issue.  Conversely, Mr. Young was the driving force behind the expenses incurred for these activities during the years at issue.  Importantly, he was the party who knew that these expenses would be claimed as tax deductions for the years at issue.  We agree with respondent that all five Schedule C activities and the erroneous deductions related thereto are attributable to Mr. Young.  See King v. Commissioner, 116 T.C. at 206.  Therefore, no amount of either deficiency is allocable to Mrs. Young, and she is entitled to full relief from joint and several liability under section 6015(c) for the years at issue.

**[*18]**  The Court has considered all of the parties' contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

Decisions will be entered

under Rule 155.