# United States Tax Court

T.C. Summary Opinion 2025-6

MANUELA C. SMITH,
Petitioner,
AND ULYSESUS A. HODGE III,
Intervenor

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 372-23S.                              Filed June 12, 2025.

————

Manuela C. Smith, pro se.

Ulysesus A. Hodge III, pro se.

*Mary Ellen Goode* and *Ashley M. Bender*, for respondent.

SUMMARY OPINION

FRIED, *Chief Special Trial Judge*: This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

In a Notice of Deficiency (Notice) dated December 1, 2022, respondent determined a deficiency in petitioner's 2017 federal income

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times.

tax, an addition to tax under section 6651(a)(1), and an accuracy-related penalty pursuant to section 6662(a).[2]

The sole issue for decision is whether petitioner is entitled to relief from joint and several liability pursuant to section 6015(c).

## *Background*

Some of the facts have been stipulated and are so found. When the Petition was filed, petitioner resided in North Carolina, and intervenor resided in New Hampshire.

Petitioner and intervenor were married in 2017 but were legally separated in or around October 2021. In 2017 petitioner resided primarily in North Carolina.

During 2017 petitioner was employed by the Cumberland County School District (Cumberland) in North Carolina. Cumberland reported her compensation on Form W–2, Wage and Tax Statement. She also received wages of $2,850 from an employer identified in the record only as ZMF. Those wages were likewise reported to her on Form W–2.

During 2017 intervenor was employed by TEKsystems, Inc. He was also self-employed during that year, providing services for JP Communications, LLC (JP Communications). He worked in both North Carolina and New Hampshire; however, he was not employed in North Carolina at any time from 2018 through 2021. The compensation he received from JP Communications was reported to him on Form 1099–MISC, Miscellaneous Income. Intervenor deposited the JP Communications compensation into his personal bank account.

Also during 2017 Portfolio Recovery Associates, LLC, issued two Forms 1099–C, Cancellation of Debt, to intervenor, reporting that it had discharged the $7,959 debt he then owed.

Petitioner and intervenor filed joint federal income tax returns during their marriage. Petitioner was responsible for maintaining, organizing, and providing various records used to prepare their joint returns to petitioner and intervenor's paid income tax return preparer. Throughout their marriage petitioner and intervenor maintained

---

[2] Respondent concedes the section 6662(a) accuracy-related penalty.

separate checking and savings bank accounts. Petitioner and intervenor have never had a joint bank account.

On or about July 19, 2021, petitioner and intervenor filed a joint federal income tax return for 2017. Petitioner did not have access to, or review, the above-referenced third-party information returns issued to intervenor before the joint tax return was filed. The return reported total adjusted gross income of $83,817, taxable income of $58,967, and tax of zero. The return did not include any amount of cancellation of indebtedness income, nor did it include the income intervenor received from JP Communications. The return also omitted from income the $2,850 of wages petitioner received from ZMF.

In due course respondent issued a copy of the same Notice to petitioner and intervenor. In the Notice respondent determined that the former couple's 2017 return failed to include in income the amounts shown on the Form 1099–MISC and Forms 1099–C issued to intervenor and the Form W–2 issued to petitioner by ZMF. The Notice also determined that petitioner and intervenor were liable for a section 6651(a)(1) addition to tax and a section 6662(a) accuracy-related penalty for 2017.

In her Petition, petitioner requested relief from the joint and several liability determined in the Notice. Intervenor did not file a petition with this Court following receipt of the Notice, but intervenor did timely file his Notice of Intervention. Intervenor disputes petitioner's request for relief.

Petitioner submitted to respondent Form 8857, Request for Innocent Spouse Relief. Intervenor submitted Form 12508, Questionnaire for Non-Requesting Spouse. Both Form 8857 and Form 12508 were referred to respondent's specialized examiner, who addressed petitioner's claim for relief under section 6015. The specialized examiner granted petitioner's request for relief pursuant to section 6015(c). Respondent and petitioner agree that petitioner is entitled to relief under section 6015(c), but intervenor opposes this relief.

*Discussion*

Generally, married taxpayers may elect to file a joint federal income tax return. *See* § 6013(a). After making such an election, each spouse is jointly and severally liable for the entire amount of tax reported on the return, as well as any liability for a deficiency subsequently determined by the Commissioner, even if all of the items

giving rise to the deficiency are allocable only to one spouse. *See* § 6013(d)(3); *Cheshire v. Commissioner*, 115 T.C. 183, 188 (2000), *aff'd*, 282 F.3d 326 (5th Cir. 2002); *Butler v. Commissioner*, 114 T.C. 276, 282 (2000).

Section 6015 allows a taxpayer to obtain relief from joint and several liability in certain circumstances. § 6015(a). Although there are three forms of relief under section 6015, our focus is limited to section 6015(c), which generally allows a separated or divorced spouse to elect to limit liability for any deficiency assessed with respect to a joint return to the portion of the deficiency that is properly allocable to the electing spouse under section 6015(d). Section 6015(d) generally allocates the items giving rise to the deficiency as if the spouses had filed separate returns. § 6015(d)(3)(A).

As is relevant here, section 6015(c) relief is available if the electing spouse establishes that (1) a joint return was filed, (2) when the election for relief is filed, the electing spouse is no longer married to, is legally separated from, or has not been a member of the same household at any time during the previous 12 months as the individual with whom the electing spouse filed the joint return to which the election relates, (3) the election for relief was made after a deficiency was determined but no later than two years after the Commissioner began collection activities, and (4) the deficiency remains unpaid. There is no dispute that these threshold requirements are satisfied in this case.

Section 6015(c)(3)(C) provides that relief is not available if the Secretary demonstrates that the individual making an election under subsection (c) "had actual knowledge, at the time such individual signed the return, of any item giving rise to a deficiency (or portion thereof) which is not allocable to such individual under subsection (d)." The burden of proof normally is with the Commissioner to demonstrate that the electing spouse had actual knowledge. *Id.*

Given that respondent agrees that petitioner is entitled to section 6015(c) relief and the only party opposing relief is intervenor, we determine whether actual knowledge has been demonstrated on a preponderance of the evidence as presented by all three parties. *See Young v. Commissioner*, T.C. Memo. 2012-255, at *10.

Actual knowledge "is an actual and clear awareness (as opposed to reason to know) of the existence of an item which gives rise to the deficiency (or portion thereof). In the case of omitted income . . . , the

electing spouse must have an actual and clear awareness of the omitted income." *Cheshire*, 115 T.C. at 195. The applicable standard is the electing spouse's "actual subjective knowledge." *Culver v. Commissioner*, 116 T.C. 189, 197 (2001). Actual knowledge is not to be inferred from evidence that the electing spouse merely had reason to know of the omitted income. *See* S. Rep. No. 105-174, at 59 (1998), *reprinted in* 1998-3 C.B. 537, 595 ("[A]ctual knowledge must be established by the evidence and shall not be inferred based on indications that the electing spouse had a reason to know.").

Petitioner and respondent assert that there is no evidence that petitioner had actual knowledge of the items of unreported income allocable to intervenor at the time the return in question was signed. According to intervenor, petitioner must have been aware of the unreported income because she was responsible for preparing their 2017 joint federal income tax return and had access to his bank account; as he put it, she could not have been "completely oblivious" to it.

The record reflects that petitioner did not have any knowledge of the compensation intervenor received from JP Communications or of the discharge of indebtedness income reflected on the Forms 1099–C issued to intervenor. During the relevant period, petitioner and intervenor maintained separate residences, and intervenor visited only infrequently. The information returns were addressed to intervenor and the unreported income attributable to JP Communications was directly deposited into intervenor's personal bank account. Otherwise, intervenor has not presented any evidence of petitioner's knowledge of the income generated in connection with intervenor's employment with JP Communications or from the discharge of indebtedness except for his unverified and self-serving testimony. *See Tokarski v. Commissioner*, 87 T.C. 74, 77 (1986). Considering all the circumstances, we conclude that petitioner did not have actual knowledge of the items of unreported income attributable to intervenor when the return for the year in issue was prepared and filed.[3] Consistent with the foregoing, petitioner is

---

[3] During 2017 petitioner received wages of $2,850 from ZMF that were not reported on petitioner and intervenor's joint federal income tax return for 2017. At the beginning of trial, respondent's counsel indicated that the income was de minimis and was thus not excluded from the relief under section 6015(c) that respondent was conceding. Intervenor does not argue that, because the income was allocable to petitioner, she is not entitled to relief under section 6015(c) relating to the portion of the deficiency for 2017 which is attributable to that income. Under the circumstances, we do not consider that question.

entitled to relief from joint and several liability for the year in issue under section 6015(c).

To reflect the foregoing and respondent's concession,

*Decision will be entered for petitioner.*