T.C. Summary Opinion 2015-63

UNITED STATES TAX COURT

MARK E. HUBER AND COLLEEN L. HUBER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25791-13S.                     Filed October 22, 2015.

Mark E. Huber, pro se.

Barbara Zanzig Lock and Peter Thomas (specially recognized), for
petitioner Colleen L. Huber.

Inga C. Plucinski-Holbrook, for respondent.

SUMMARY OPINION

VASQUEZ, Judge:  This case was heard pursuant to the provisions of
section 7463 of the Internal Revenue Code in effect when the petition was filed.
Pursuant to section 7463(b), the decision to be entered is not reviewable by any

other court, and this opinion shall not be treated as precedent for any other case.

Unless otherwise indicated, all section references are to the Internal Revenue Code

in effect at all relevant times, and all Rule references are to the Tax Court Rules of

Practice and Procedure.

Respondent determined a $4,830 deficiency in and a $966 section 6662(a)

penalty on petitioners' 2010 Federal income tax. After concessions,[1] the issues for

decision are: (1) whether petitioners are entitled to a deduction of $16,841 for

advertising expenses; (2) whether petitioners are liable for the section 6662(a)

accuracy-related penalty; and (3) whether Ms. Huber is entitled to relief from joint

and several liability under section 6015(c).

## Background

Some of the facts have been stipulated and are so found. The stipulation of

facts and the attached exhibits are incorporated herein by this reference. At the

time petitioners filed their petition, they were residents of Utah.

---

[1] The notice of deficiency disallowed, among other things, petitioners' deductions for car and truck expenses of $6,221 and rent or lease expenses of $10,014. At trial respondent conceded that petitioners were entitled to deduct the full amount of the rent or lease expenses. Also at trial petitioners conceded the disallowance of their car and truck expense deduction and the receipt of interest income of $34. The notice of deficiency also included an itemized deductions adjustment and a self-employment tax adjustment. These issues involve computational matters to be resolved in the parties' Rule 155 computations consistent with the Court's opinion.

Petitioners married in 1987, but they separated and maintained separate residences beginning sometime around October 15, 2012. They divorced on August 11, 2014.

Mr. Huber earned an undergraduate degree in finance from Brigham Young University and a law degree from the University of Dayton School of Law. In 1996 he started a law practice under the name Law Office of Mark E. Huber (law firm). He has practiced law for approximately 18 years.

During 2010 Mr. Huber maintained one business checking account at Bank of America over which he had signatory authority. Additionally, he used QuickBooks to track the law firm's expenses and to prepare profit and loss statements. Furthermore, he wrote checks and used a credit card to pay the law firm's expenses. Mr. Huber did not maintain complete and accurate books and records for the law firm.

Petitioners filed a joint tax return for 2010. In the return petitioners claimed a deduction for $16,841 of advertising expenses. On August 1, 2013, respondent issued petitioners a notice of deficiency determining, among other things, that they had failed to substantiate expenses underlying the deduction claimed for advertising. Accordingly, respondent disallowed the deduction in its entirety and determined an accuracy-related penalty under section 6662(a). Petitioners

disputed the deficiency determination by timely filing a petition for redetermination.

On or about June 25, 2014, Ms. Huber filed Form 8857, Request for Innocent Spouse Relief, for 2010. Respondent determined that Ms. Huber qualified for full relief under section 6015(c). Mr. Huber disagrees with respondent's determination.

Ms. Huber earned a degree in psychology and has no background in finance. From 1997 to 2011 she performed some administrative and secretarial duties for the law firm but was not compensated for her services. During 2010 she neither had access to the business checking account nor handled the billing and bill paying for the law firm. Additionally, she did not review the bank statements for the business checking account nor any other financial statements or documents maintained for the law firm. Furthermore, although she was aware that the law firm had advertising expenses and other business expenses, she was not aware of the exact nature and amounts of these expenses.

Discussion

I.    Advertising Expenses

Generally, deductions are a matter of legislative grace, and taxpayers have the burden of showing that they are entitled to any deduction claimed.  Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Taxpayers are allowed a deduction for ordinary and necessary expenses paid or incurred in carrying on a trade or business.  Sec. 162(a).  Whether an expenditure is ordinary and necessary is generally a question of fact. Commissioner v. Heininger, 320 U.S. 467, 475 (1943).  Generally, for an expenditure to be an ordinary and necessary business expense the taxpayer must show a bona fide business purpose for the expenditure; there must be a proximate relationship between the expenditure and the business of the taxpayer.  Challenge Mfg. Co. v. Commissioner, 37 T.C. 650 (1962); Henry v. Commissioner, 36 T.C. 879 (1961).

To be "necessary" within the meaning of section 162, an expense needs to be "appropriate and helpful" to the taxpayer's business.  Welch v. Helvering, 290 U.S. 111, 113 (1933).  The requirement that an expense be "ordinary" connotes that "the transaction which gives rise to it must be of common or frequent

occurrence in the type of business involved." Deputy v. du Pont, 308 U.S. 488, 495 (1940) (citing Welch v. Helvering, 290 U.S. at 114).

The resolution of substantiation issues turns on the applicable law and our determination of the credibility of the evidence presented. We determine the credibility of each witness, weigh each piece of evidence, draw appropriate inferences, and choose between conflicting inferences. See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 84 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002); see also Gallick v. Balt. & Ohio R.R. Co., 372 U.S. 108, 114-115 (1963). We decide whether evidence is credible on the basis of objective facts, the reasonableness of the testimony, and the demeanor of the witness. Quock Ting v. United States, 140 U.S. 417, 420-421 (1891); Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), aff'g 41 T.C. 593 (1964); Pinder v. United States, 330 F.2d 119, 124-125 (5th Cir. 1964); Concord Consumers Hous. Coop. v. Commissioner, 89 T.C. 105, 124 n.21 (1987).

If the taxpayer fails to substantiate an item, the burden of proof does not shift to the Commissioner. Sec. 7491(a)(2)(A); Gagliardi v. Commissioner, T.C. Memo. 2008-10. If the taxpayer substantiates items underlying the deductions claimed, this satisfies the taxpayer's burden of proof under Rule 142.

Petitioners argue that they are entitled to a deduction for advertising expenses of $16,841. Respondent argues that petitioners are entitled to a deduction of only $400.

Mr. Huber's testimony at trial was honest, forthright, and credible. We therefore rely on his testimony to resolve this substantiation issue. Mr. Huber testified that the law firm incurred advertising expenses in 2010. More specifically, he testified as to the amounts incurred, how the expenses were incurred, and how they were paid. He also offered into evidence several checks, monthly bank statements, and a profit and loss statement, which corroborated his credible testimony. This evidence, taken together, demonstrated that, in 2010, the law firm paid advertising expenses of $13,438.79. Accordingly, petitioners are entitled to deduct advertising expenses of $13,438.79 for 2010. Petitioners, however, failed to substantiate advertising expenses of $3,402.21 and are therefore not entitled to deduct this amount.

II.    Section 6662(a) Penalty

Section 7491(c) provides that the Commissioner bears the burden of production with respect to the liability of any individual for additions to tax and penalties. "The Commissioner's burden of production under section 7491(c) is to produce evidence that it is appropriate to impose the relevant penalty, addition to

tax, or additional amount".  Swain v. Commissioner, 118 T.C. 358, 363 (2002);

see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  The Commissioner,

however, does not have an obligation to introduce evidence regarding reasonable

cause or substantial authority.  Higbee v. Commissioner, 116 T.C. at 446-447.

Section 6662(a) imposes a penalty in an amount equal to 20% of the portion

of the underpayment of tax attributable to one or more of the items set forth in

section 6662(b), including negligence or disregard of rules or regulations.  The

term "negligence" in section 6662(b)(1) includes any failure to make a reasonable

attempt to comply with the Internal Revenue Code and any failure to keep

adequate books and records or to substantiate items properly.  Sec. 6662(c); sec.

1.6662-3(b)(1), Income Tax Regs.  Negligence has also been defined as the failure

to exercise due care or the failure to do what a reasonable person would do under

the circumstances.  See Allen v. Commissioner, 92 T.C. 1, 12 (1989), aff'd, 925

F.2d 348, 353 (9th Cir. 1991); Neely v. Commissioner, 85 T.C. 934, 947 (1985).

The term "disregard" includes any careless, reckless, or intentional disregard.  Sec.

6662(c).

Failure by a taxpayer to keep adequate records may justify imposition of the

addition to tax for negligence.  See Lysek v. Commissioner, 583 F.2d 1088,

1094 (9th Cir. 1978), aff'g T.C. Memo. 1975-293; Crocker v. Commissioner, 92 T.C. 899, 917 (1989). Failure to maintain adequate records also indicates disregard of rules or regulations that require a taxpayer to keep permanent records sufficient to establish, inter alia, the taxpayer's gross income and deductions. See Crocker v. Commissioner, 92 T.C. at 917.

The accuracy-related penalty is not imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1). The decision as to whether the taxpayer acted with reasonable cause and in good faith depends upon all the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent established that petitioners failed to maintain records as required by section 6001 and failed to substantiate items properly. See sec. 1.6662-3(b)(1), Income Tax Regs. Accordingly, respondent met his burden of production for the section 6662(a) penalty for 2010. Furthermore, petitioners offered no evidence that they acted with reasonable cause and in good faith. For example, they did not offer any evidence to show that they relied on professional tax advice.

In view of the concessions, the computational adjustments, and the Court's holdings herein, the Court leaves for the parties to determine as part of the Rule

155 computations whether there is an underpayment of income tax for 2010. If an underpayment exists, petitioners will be liable for the accuracy-related penalty because respondent will have met his burden of production and petitioners have not established a reasonable cause and good faith defense.

III.    Relief From Joint and Several Liability

        A.    Three Avenues of Relief

        In general, spouses who elect to file a joint Federal income tax return are jointly and severally liable for the entire amount of tax reported on the return as well as for any deficiency subsequently determined. Sec. 6013(d)(3). However, section 6015 provides three avenues of relief from joint and several liability: (1) section 6015(b) permits relief if the requesting spouse establishes, inter alia, that in signing the return she "did not know, and had no reason to know" that there was an understatement of tax; (2) section 6015(c) allows a separated or divorced spouse to request an allocation of liability to the nonrequesting spouse if the requesting spouse did not have "actual knowledge" of the items giving rise to the understatement of tax; and (3) section 6015(f) allows the Internal Revenue Service or the Court to confer equitable relief depending on the particular facts and circumstances but only in situations where relief under section 6015(b) and (c) is not available.

B.     <u>Burden of Proof</u>

The spouse requesting relief generally bears the burden of proof in section

6015 cases.  Rule 142(a); <u>Alt v. Commissioner</u>, 119 T.C. 306, 311 (2002), <u>aff'd</u>,

101 F. App'x 34 (6th Cir. 2004).  An exception is found in section 6015(c), which

places upon the Commissioner the burden of proving that a spouse electing relief

under subsection (c) had actual knowledge at the time of signing the return of any

item giving rise to the deficiency.  Sec. 6015(c)(3)(C).

A procedural problem arises where the Commissioner bears this burden of

proving actual knowledge but favors granting relief and the only party opposing

relief is the nonrequesting spouse (Mr. Huber in this case).  The Court has

resolved the conflict by determining whether actual knowledge has been

established by a preponderance of the evidence as presented by all three parties.

<u>Pounds v. Commissioner</u>, T.C. Memo. 2011-202; <u>Stergios v. Commissioner</u>, T.C.

Memo. 2009-15.  Accordingly, Ms. Huber bears the burden of proof generally, but

we will determine whether actual knowledge has been established by a

preponderance of all the evidence presented.

C.     <u>Relief Under Section 6015(c)</u>

Respondent has conceded that Ms. Huber is entitled to full relief from joint

and several liability under section 6015(c).  For this reason and because it is the

subsection that best fits Ms. Huber's situation, we will focus our review of Ms. Huber's eligibility for relief on subsection (c).

Under section 6015(c)(1), if an individual who has made a joint return for any taxable year elects the application of this subsection, the individual's liability for any deficiency which is assessed with respect to the return shall not exceed the portion of the deficiency properly allocable to the individual under section 6015(d). The purpose of section 6015(c) is to allocate the tax liability between the individuals who filed a joint return in approximately the same way it would have been had the individuals filed separately.

To be eligible for section 6015(c) relief, the electing spouse must establish that: (1) the spouses filed joint returns for the years at issue; (2) at the time the election for relief was made the spouses were legally separated or divorced or had not been members of the same household at any time during the previous 12 months; and (3) the election for relief was made after a deficiency was asserted but no later than two years after the Commissioner began collection activities. None of the parties dispute that these requirements are satisfied.

Relief under section 6015(c) is not available where the requesting spouse had "actual knowledge, at the time such individual signed the return, of any item giving rise to a deficiency * * * which is not allocable to such individual". Sec.

6015(c)(3)(C). The knowledge standard for purposes of section 6015(c)(3)(C) is "an actual and clear awareness (as opposed to reason to know) of the existence of an item which gives rise to the deficiency (or portion thereof)." Cheshire v. Commissioner, 115 T.C. 183, 195 (2000), aff'd, 282 F.3d 326 (5th Cir. 2002).

In determining whether a requesting spouse had actual knowledge of an improperly deducted item on the return, more is required than the requesting spouse's knowledge that the deduction appears on the return. King v. Commissioner, 116 T.C. 198, 205 (2001). A requesting spouse has actual knowledge of an erroneous deduction if the requesting spouse has knowledge of the factual circumstances which made the item unallowable as a deduction. Id. at 204; sec. 1.6015-3(c)(2)(i)(B)(1), Income Tax Regs.

It is clear from the record that Ms. Huber was aware of expenses related to the law firm for 2010. However, Ms. Huber credibly testified that she did not (1) have access to the law firm's business checking account, (2) view the law firm's bank statements, and (3) participate in business decisions. Additionally, she had no prior knowledge of, or participation in, decisions to purchase advertising, aside from being generally aware that the law firm was purchasing advertising. In that regard, her testimony remained consistent with respect to all disallowed deductions. Furthermore, in her employment with the law firm, Ms. Huber had

neither access nor exposure to information that would provide her with an "actual and clear awareness" that the expenses underlying the deductions being claimed could not be substantiated, were inflated, or were fictitious. Lastly, her testimony at trial also indicated that she had little reason or incentive to justify intruding upon financial matters that were firmly within the expertise of her then husband, whom she trusted. Thus, Ms. Huber had no actual knowledge of the factual circumstances resulting in the disallowance of the business expense deductions. Accordingly, Ms. Huber is entitled to relief from liability to the extent that the disallowed items, including the business expense deductions, are properly allocable to Mr. Huber under section 6015(d).

D.     Allocation of Deficiency Under Section 6015(d)

If a requesting spouse qualifies for relief under section 6015(c), that spouse's liability for the deficiency is limited to the amount allocable to her as determined under section 6015(d). Section 6015(d)(3)(A) provides that in general the items giving rise to the deficiency on the joint return are to be allocated to the individuals filing the return in the same manner as the items would have been allocated if the individuals had filed separate returns. In other words, "an erroneous item is allocated to the spouse to whom the erroneous item is attributed." Estate of Capehart v. Commissioner, 125 T.C. 211, 215 (2005).

The items giving rise to the deficiency in this case are business expense deductions and an omission of taxable interest income of $34. We agree with respondent and Ms. Huber that the business expense deductions and the accuracy-related penalty are allocable to Mr. Huber. See sec. 1.6015-3(d)(2)(iv), (4)(iv)(B), Income Tax Regs. However, no evidence was adduced with regard to the $34 of interest income. In other words, the parties have not informed the Court as to how Mr. Huber and Ms. Huber would have reported the $34 of interest income if they had filed separate returns. Because we lack clear and convincing evidence to support a different allocation, Mr. Huber and Ms. Huber are each allocated 50% of the interest income.[2] See sec. 1.6015-3(d)(2)(iii), Income Tax Regs. Accordingly, although Ms. Huber is entitled to relief from liability under section 6015(c), we leave it to the parties' Rule 155 computations to reflect the application of section 6015(d) to such relief.

In reaching our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant or without merit.

---

[2] Ms. Huber's failure to prove entitlement to relief under sec. 6015(c) for her interest income leaves open the possibility of relief under subsec. (f). However, she does not argue, nor does she provide sufficient facts to establish, that she is entitled to relief under that subsection.

To reflect the foregoing,

Decision will be entered under

Rule 155.